1833.

Halsey

v.

Van Amringe.

---

### HALSEY vs. VAN AMRINGE and others.

An appeal from the sentence or decree of a surrogate, duly entered in the court below, suspends all proceedings by the surrogate upon such sentence or decree until the appellate court authorizes proceedings thereon, although the appellant neglects to file his petition of appeal in the court of chancery within the fifteen days allowed for that purpose by the 118th rule.

If the appeal is waived by the neglect of the appellant to file his petition of appeal, or if a party who is interested in the sentence or decree appealed from is not made a party to the petition of appeal, the proper remedy is by an application to the chancellor to dismiss the appeal, or for leave to proceed in the court below notwithstanding the appeal.

The petition of appeal may be filed in the court of chancery, before the transcript of the proceedings before the surrogate is returned and filed; but the respondents cannot be compelled to answer the petition until the transcript is returned by the surrogate.

Upon an appeal from a surrogate, the mode of compelling a return of the transcript, or of correcting any omissions or imperfections therein is by order, and by attachment for disobedience to the same, in conformity with the practice of the court of chancery in similar cases.

THIS was a petition by Van Amringe and wife, parties in whose favor a decree of a surrogate had been made upon the final accounting of an administrator, for leave to proceed before the surrogate, on the ground that the appeal entered in the court below had been waived by the neglect of the appellant to file his petition of appeal in this court within the time prescribed in the 118th rule. The appeal was filed in the of-

December 17.

1833.

Halsey
v.
Van Amringe.

fice of the surrogate, and was perfected, by giving a bond as required by the statute, on the first of November, 1833. And no petition of appeal had been filed in this court, on the 19th of the same month, when notice of this application was served on the appellant's solicitor. It appeared by the affidavit of the appellant's solicitor that the delay, in filing the petition of appeal, arose from his supposing it necessary to obtain the transcript of the proceedings in the court below, before he could file the petition of appeal ; that such transcript was not obtained until the 20th of November ; when the petition of appeal was filed with the assistant register. It was also urged, as a preliminary objection to the application, that, if the petition of appeal was not served in time, the application for leave to proceed should have been made to the surrogate, and not to this court.

C. *Graham*, for the appellant.

J. *Rhoades*, for the respondents.

THE CHANCELLOR. By the 118th rule, if the appellant neglects to file his petition of appeal addressed to this court, with the register or assistant register, within fifteen days after he has entered the appeal with the surrogate, by filing the appeal and giving a bond as required by the statute, (2 *R. S.* 611, § 117,) the appeal is to be considered as waived. This, however, is not such a waiver as to deprive this court of all jurisdiction over the case, and to authorize the surrogate to proceed as if no appeal had ever been entered. But it is such a waiver as to enable this court to declare the appeal deserted, and to direct the surrogate to proceed notwithstanding the appeal which has been entered in his office. By the practice of the ecclesiastical courts, though an appeal *apud acta* was entered, and apostles were granted by the judge *a quo*, it did not prevent the court below from proceeding to execute the sentence, after the expiration of the time limited by that court for the appellant to retro-certify what steps had been taken by him on the appeal. But the appellant, if he wished to stay the proceedings upon the sentence appealed from, was obliged to

obtain an inhibition from the appellate court. (*Law's Ec-clesiastical Pr.* 312.) That inhibition, however, when serv-ed, stayed all proceedings in the court below, even after the expiration of the *primam fatale*, or first year, within which the appellant was required to prosecute his appeal to effect; un-less the appellate court declared the appeal deserted, or au-thorized the judge *a quo* to proceed and execute his sentence. (*Consel's Eccl. Pr.* 194, *pt.* 5, § 2, *sub.* 6. *Cockburn*, 182.) Here, by the statute, the filing of an appeal with the surro-gate, and giving the bond required by law, suspends all pro-ceedings in the court below until the appellate court shall authorize proceedings therein. And if such appeal is desert-ed, by the neglect of the appellant to file his petition of appeal in this court within the time prescribed by the rule, or if any person who would have been entitled to proceed on the sen-tence or order appealed from if such appeal had not been en-tered, is not made a party to such petition of appeal, by the usual prayer that he may answer the same, the party whose proceedings are stayed must apply to this court for leave to proceed before the surrogate notwithstanding the appeal.

By the practice of the ecclesiastical courts in England, up-on an appeal in a testamentary cause, the appellant was not required to wait until he had obtained the transmiss from the judge *a quo* before he filed his libel of appeal; but the transmiss of the proceedings in the court below must be exhibted before the conclusion of the cause; that is, before the cause could be in readiness for a final hearing on the appeal. (*Cockburn*, 193, § 9.) If the judge or his register neglected to transmit the proceedings, the appellant might compel a return thereof by monition, or if the transmiss was imperfect he might, up-on a proper application to the appellate court, obtain a moni-tion for a further return of such parts of the proceedings as were omitted or imperfect in the original transmiss. (*Cock-burn*, 191, § 2, 193, § 13.) Here, the petition of appeal, which corresponds with the libel of appeal in the ecclesiasti-cal court, and which is also founded upon the proceedings and the appeal in the court below and not upon the *transcript*, may likewise be filed before the transcript is obtained. Though

perhaps, in strictness, the transcript should be filed in this court before the respondent will be compelled to answer the petition of appeal. The mode of compelling the surrogate to furnish the transcript, or to correct any omissions or imperfections therein, must be by order, and by attachment for disobedience thereto, in conformity to the practice of the court of chancery in other similar cases. The fact that the transcript could not be obtained, in this case, within fifteen days after the appeal was entered, is not therefore, of itself, a sufficient answer to this application. But as the appellant's solicitor has acted in good faith, and under a mistake as to the practice of the court, he must be permitted to proceed on the petition of appeal which is now filed. The appellant, however, must pay the costs of this application.