## SUPREME COURT.

GARDNER AND OTHERS, Appellants, agt. BROWN AND OTHERS, Exr's &c., Respondents.

A surrogate will be compelled to make a return to an appeal, within a *reasonable* time (no time being fixed by statute or the rules), by an order of the court on pain of attachment.

An objection that his fees have not been paid, is of no avail where it appears they were offered to be paid when ascertained.

*Yates Special Term, October* 1850. Motion for attachment against the surrogate of Yates county for not making return to appeal.

The affidavit upon which the motion is made, shows that the appeal was brought on or about the 19th August 1850, and that no return has been made by the surrogate. That the attorney for the appellants has frequently requested the surrogate to make the return, and offered to pay him his fees; that the surrogate always promised to make such return but has not yet done so; that on the 3d October 1850, the appellants' attorney was told by the surrogate that the return was not commenced, but that he would make it as soon as he got through some recording.

E. VAN BUREN, *for Appellants.*

A. OLIVER, *Surrogate, in person.*

WELLES, Justice.— I have not been able to find any statute or standing rule of court or rule of practice, prescribing any particular time within which the surrogate is required to make his return to an appeal. By the 118th rule of the late Court of Chancery, the party appealing was required to cause the transcript of all the proceedings before the surrogate, &c,, to be made, authenticated and returned to the appellate court within twenty days from the time of entering the appeal in the court below, or the chancellor might dismiss the appeal, unless further time was allowed for the return of the transcript. The 82d of the present rules of this court, which regulates appeals from the de-

cisions of surrogates, does not contain the above provision; and if it did, it would not determine the question within what time the return is to be made.

It is undoubtedly the duty of the surrogate to make his return as soon as practicable, and if he neglects unreasonably to do so, this court has the power, and would exercise it, to order him to make the return on pain of attachment (Halsey vs. Van Amringe, 4 *Paige*, 279). The appellant is bound by the above 82d rule to file his petition of appeal within fifteen days after the appeal is entered in the court below; or the appeal will be regarded as deserted by the appellant, and will be dismissed on motion; and he can not compel the respondent to answer the petition until the return is filed (Halsey vs. Van Amringe, *supra*). The appellant is therefore tied up and his appeal is stayed in its progress until the return is made.

It is suggested that the fees of the surrogate should have been paid for making the return before this motion was noticed. The affidavit shows an offer to pay the fees, and it does not appear that the omission to make the return has ever been put on the ground of the non payment of the fees. Besides, I think, under the circumstances of this case an offer to pay was sufficient. It was all the appellants could do. They could not pay until they knew the amount, and I think an offer to pay was equivalent to a strict tender of the money, at least, until the amount was ascertained and the appellants informed of it.

An order should be entered directing the surrogate to make the return within twenty days from the service of the order, or that the appellants be at liberty to move thereafter, upon due notice to the surrogate, for an attachment against him.