## BROWN and others, *appellants, vs.* EVANS, executor, &c. *respondent.*

The petition of appeal from a decree of a surrogate, on the final accounting of an executor, should name the persons who are intended to be made respondents and who are to be called upon to answer.

But where there is a defect of parties, if no motion is made, to stay or dismiss the appeal, on that ground, and the absent parties have neither taken an appeal themselves, nor applied to be made parties to the appeal which has been taken, the appellate court cannot, upon such appeal, reverse the decree appealed from, even though it should come to the conclusion that the surrogate had erred in his views of the rights of the parties.

A testator, by his will, devised as follows: " I give unto my son J. C., and to his heirs and assigns forever, all my property, both real and personal, provided he ever has any lawful heirs that shall arrive at the age of twenty-one years." " And I do further order and direct, that in case my son J. never has any lawful heirs, that shall arrive at the age of twenty-one years, that in such case all my property, both real and personal, shall be equally divided amongst my brothers' and sisters' children." *Held,* 1. That the bequest to J. C. was not a bequest of a life interest, but was a devise of the

Brown *v.* Evans.

testator's lands in fee, and a bequest of the entire interest in his personal property, although upon a condition.

2. That the condition was not a condition precedent, but a conditional limitation, whose effect would be, not to suspend the vesting of the interest devised or bequeathed, but to divest it, and send the property over, in the event of the non-fulfillment of the condition.

3. That the absolute ownership of the property could not be determined until the event upon which the interest in the property is made by the will to depend, occurred, and that consequently the rights of the persons to whom the property was limited over did not attach, nor was the ultimate and absolute title determined, until it had been ascertained whether any children whom J. C. might have, would live to become twenty-one years of age.

4. That as J. C. might have had any number of such children, the title to the property would be suspended not only during his life, but during the lives of each one of such children who should die under the prescribed age, and until some one of them should attain that age. That consequently the limitation over was forbidden by the statute, (1 *R. S.* 773, § 1,) and the estates in remainder were void.

The rule is well settled that it is the character of the limitation at the time it is created, and not the event as it turns out in fact, which is to determine its validity.

If the estate created is such as by its terms to suspend the ownership of the property for more than two lives in being, it will be void, although in the subsequent history of the estate, or the parties in interest, it may happen that this limit is not exceeded.

APPEAL from a decree of the surrogate of the county of Orange, made upon the final accounting of William Evans, the respondent, as surviving executor of Silas Corwin, deceased. The principal question, on the appeal, arose upon the construction of the will of the testator. By the first clause of such will, the testator devised as follows: "I give unto my son Jabez Corwin, and to his heirs and assigns forever, all my property, both real and personal, provided he ever has any lawful heirs that shall arrive at the age of twenty-one years." By a subsequent clause he directed and devised as follows: "And I do further order and direct, that in case my son Jabez never has any lawful heirs that shall arrive at the age of twenty-one years, that in such case all my property, both real and personal, shall be equally divided amongst my brothers' and sisters' children," as follows, viz:

one-sixth part to his brother Ezra Corwin's children; the one-sixth part to his brother Peter Corwin's children; the one-sixth part to his brother Jabez Corwin's children; the one-sixth part to his brother Daniel Corwin's daughter, Rosetta Evans, during her natural life, and then to the heirs of her body; the one-sixth part thereof to his sister Azubah Tuthill's children, excepting out of the same a sufficiency to maintain the said Azubah comfortably during her natural life; and the remaining sixth part to his sister Mary Brown's children. The will also gave legacies of two hundred dollars to the children of each of his said brothers and sisters, except that the said Rosetta Evans was to have two hundred dollars as the sole representative of his brother Daniel Corwin. And the will also provided, that in case any of the said legatees should not be surviving when the property should be divided, their part should be paid to their heirs. Jabez Corwin, the son of the testator, died on the 26th day of January, 1858, without ever having had any lawful child.

At the time of the final accounting of the executor, each of the brothers of the testator named in the will had several children living, whose names were set forth in the petition of the executor praying for an accounting, and who were supposed to be entitled to the residue of the personal estate, after the payment of the legacies. The surrogate, by his decree, found the whole sum to be distributed to be $11,640.95, and he ordered the same to be distributed among the several nephews and nieces of the testator, the children of his brothers and sisters, in the manner specified in the will, viz. one-sixth part to each family of children. The appellants, Silas C. Brown, Jemima Howell, Arminda Myers and Lucetta Hulse, claiming to be heirs at law of the testator, and named and described as legatees in his will, appealed from the decree; insisting that the surrogate had put an erroneous construction upon the clauses of the will above quoted, and had consequently adopted an erroneous rule for determining the rights of the persons claiming an interest in the estate. The

petition of appeal specified several grounds of objection to the decree appealed from, not necessary to be stated. The petition did not name the individuals who were intended to be made respondents. But an order was granted, by a justice of the court, requiring "the respondent therein named" to answer the petition within twenty days after service of a copy of said petition of appeal and notice of such order. An answer to the petition was put in by William Evans, the surviving executor; in which he insisted that the decree of the surrogate was in all respects correct, and ought to be affirmed; but he alleged that the administrators of Jabez Corwin, deceased, and all the other legatees named or referred to in the will of Silas Corwin, except the appellants, ought to be made parties respondents.

*Fullerton & Van Wyck,* for the appellants. I. The condition annexed to the devise and bequest to Jabez Corwin, in the following words, "provided he ever has any lawful heirs that shall arrive at the age of twenty-one years," is a condition precedent. Jabez Corwin having died without ever having had any children, the condition upon which the estate was to vest in him never happened, and he therefore never took any interest or estate in the testator's property, either real or personal, under the devise and bequest in question. (1.) The condition is annexed to the gift, and defines the contingencies upon which the testator gave the property to Jabez. It is not in the nature of a limitation upon, or qualification of, any estate actually given to Jabez in the property. Jabez was not to have any estate whatever in the property, unless he should have lawful heirs who should attain the age of twenty-one years. (2.) That this was the intention of the testator is evident from the fact that the testator proceeded to make an express independent provision for the support of Jabez and his family. If he had intended that Jabez was to have the use of the property during his life, whether he had children or not, it would have

been superfluous and inconsistent to have given the directions which are contained in the will, for Jabez to have the right to live in one of the testator's houses, and to have his firewood furnished, a cow kept on the farm for his use, and provisions furnished for his family. (*Caw* v. *Robertson*, 1 *Seld.* 125, 134. 2 *Story's Eq. Jur.* § 1306.)

II. Upon the death of the testator, his property vested in his brothers' and sisters' children, under the following provision of the will: "I do further order and direct, that in case my son Jabez never has any lawful heirs that shall arrive at the age of twenty-one years, that in such case all my property, both real and personal, shall be equally divided between my brothers' and sisters' children." The persons to take under the provisions of the will, were designated with certainty and precision. The estate vested in them at once, but subject to be divested upon the happening of a contingency, viz. Jabez having children who should attain the age of twenty-one years. On the happening of that event, and not till then, was the property to go to Jabez. (1.) The devise to the children of the brothers and sisters of the testator was to take effect upon the testator's death, if Jabez had no children twenty-one years old at that time. (2.) There was a failure of the condition upon which Jabez was to take the property, so long as he had no children twenty-one years of age; and the bequest over, therefore, took effect immediately on the death of the testator. (3.) It is clear that the testator intended the brothers' and sisters' children to take the property, subject only to be divested on the happening of the contingencies upon which it was to vest in Jabez, and subject also to the provision made for the support of Jabez and his wife. (4.) Where there is a failure of the condition on which personal estate is bequeathed, (as in the bequest of Jabez,) and there in a bequest over, no estate vests, and the bequest over becomes operative at once. (*Caw* v. *Robertson*, 1 *Seld.* 135. 2 *Story's Eq. Jur.* 130. *Stackpole* v. *Beaumont*, 3 *Ves.* 98. *Knight* v. *Cameron*, 14 *id.* 389.)

III. Nothing is given to the children of Jabez, (if he should have any.) If the devise was to take effect at all, it would only take effect in favor of Jabez himself; and if he died before it vested, (that is, before he had children twenty-one years old,) the devise to him failed utterly. The will does not give the property to Jabez for life, and if he leaves children at his death who should attain the age of twenty-one years, then to such children; but it gives it to Jabez himself in fee, on condition of his having children who should attain the age of twenty-one years. The words, "and to his heirs and assigns forever," in the devise to Jabez, were words of inheritance and description of the estate merely, and not words of purchase. If Jabez had died leaving children all under twenty-one, the estate would not pass to such children on their attaining that age after their father's death.

IV. If we are right in regarding the condition annexed to the gift to Jabez as a condition *precedent,* or if the property vested in the brothers' and sisters' children, subject to be divested on the happening of the contingencies, in either case there was no suspension of the absolute power of alienation for a longer period than during the life of Jabez—one life in being at the time of the creation of the estate

V. If the court should be of opinion that, under the devise and bequest to the children of the brothers and sisters of the testator, the property did not vest in them until the death of Jabez, then we admit that there is an implied valid direction to the executors to hold the property in trust during the lifetime of Jabez, (or until he should have children twenty-one years old,) and out of the income of the property to provide for the support of Jabez and his family as directed in the will; and upon the death of Jabez, without children, the property of the estate, including the unexpended interest, as well as the principal then remaining in the hands of the executors, passed to the children of the brothers and sisters of the testator. This was not a direction to accumulate the income of the funds. The executors might have expended

the whole income in the support of Jabez and his family, if they had deemed it necessary to do so. Not having expended the whole income, the surplus was a portion of the testator's estate, and passed under the will to his brothers' and sisters' children.

VI. The executors have not appealed from the surrogate's decree, and are therefore not entitled to ask to have the devise over to the children of the brothers and sisters of the testator declared void. Neither have the administrators of Jabez Corwin appealed.

*J. W. Gott,* for the respondents. I. The devise to Jabez Corwin vested in Jabez the whole of the real and personal estate of the testator, subject to be divested by his dying without having a lawful heir that attained the age of twenty-one years, and the interest of the personal property of the testator, during the lifetime of Jabez, belonged to him, and went to his administrators after his death. The rule of construction applicable to this case is expressed in 1 *Roper on Leg.* 571, *2d Am. ed.,* substantially as follows, viz: Where a devise of real estate is to one, *provided* he attains the age of twenty-one, and such devise is accompanied with a limitation over, that in case the devisee dies under twenty-one, then over, the subsequent limitation is considered explanatory of the sense in which the testator used the preceding words, and as showing the event on which the estate was to go over to the ulterior devisee. The contingency, in such cases, is held not to constitute a condition precedent, making the vesting depend on the devisees attaining the specified age, but the estate is held to vest instanter, subject to be divested on the happening of the contingency. The same rule is applicable to a devise where real and personal estate are blended. (*See cases cited,* 1 *Rop. on Leg.* 571; *Id.* 600, 601; *Daniel* v. *Warren,* 2 *Yo. & Coll.* 290; *Deane* v. *Test,* 9 *Ves.* 147, 152; 2 *P. Wms.* 419; 1 *Bro. C. C.* 81; 3 *Mer.* 335.)

II. The interest of the personal estate of the testator, dur-

ing the lifetime of Jabez Corwin, belonged to him as the sole child and next of kin of the testator, and his administrators are now entitled to receive it. By the provisions of the will, the estate could not be divided amongst the devisees and legatees to whom it was given over, until after the death of Jabez without issue, or if he had a child or children, till after the death of such child or children under the age of twenty-one years. In the meantime, the interest accruing on the personal estate, (in case it was not given to Jabez, as alleged in the 1st point,) must necessarily accumulate, contrary to the provisions of sections 3 and 4, title 4, chap. 4 of the 2d part of the revised statutes. It is entirely clear, that if the will had *expressly* provided that this interest should accumulate for the benefit of the legatees over, till the happening of the event on which they were to take, the provision would have been void, and Jabez would have taken the interest during his lifetime as next of kin. The *implied* direction in the will, to accumulate this interest, is as effective as an express one would have been. (*Vail* v. *Vail*, 4 *Paige*, 317, 330, &c. *S. C.*, 7 *Barb.* 226, 239.) The interest in question not being legally disposed of by the will, (unless it was therein given to Jabez,) was properly decreed by the surrogate to have belonged to Jabez Corwin as next of kin of the testator, and to be paid to his administrators.

The above points have been framed upon the presumption that the devise over to the brothers' and sisters' children of the testator is valid, as to the principal of the personal estate of the testator, and are intended to sustain the surrogate's decree. But the counsel of the executor having arrived at the conclusion that the devise over is wholly void, and that the decree of the surrogate should be set aside, and the whole of the personal estate of the testator be paid over to the administrators of Jabez Corwin, presents the following points to the court, viz.

III. The devise over, contained in the will in question and set forth in the first point, is utterly void, being in violation

of our statutes concerning the suspension of the power of alienation of real estate and the accumulation of personal property. By section 1, title 4, chap. 4, part 2 of the revised statutes, it is provided that the absolute ownership of personal property shall not be suspended by any limitation or condition whatever, for a longer period than during the continuance of not more than two lives *in being* at the death of the testator. Although, in point of fact, Jabez Corwin died without ever having had any children, yet he *might* have had any number of children, within the limits of nature, born *after* the death of the testator. If he had had children, there could have been no division and distribution of the estate amongst the legatees over, till after the death of all of such children under the age of twenty-one years, and the absolute ownership of the property would have been suspended until that time. There would have been, under such circumstances, a suspension of the ownership of the property for the life of Jabez, (a life in being at the death of the testator,) and for an uncertain number of lives, (viz. of the *possible* children of Jabez,) *not* in being at the death of the testator. Such a limitation is entirely inconsistent with the provisions of the statute referred to. It is well settled, that if the limitation be not such that it *must* take effect, if at all, within the time prescribed by law as the proper limit, it is void. It is not enough that it turns out that the estate is alienable within the proper period. It must be made so by the will, and not be the result of chance. The *possibility*, at the creation of an executory limitation, that the event on which its existence depends may exceed, in point of time, the limits allowed, vitiates it *ab initio*. (*Hawley* v. *James,* 16 *Wend.* 121. *Tayloe* v. *Gould,* 10 *Barb.* 398. *Hannan* v. *Osborn,* 4 *Paige,* 342. 4 *Cruise,* 449. 4 *Kent's Com.* 297, 8th ed. 8 *Ves.* 23. 2 *Mod.* 289. 2 *H. Black.* 358. *De Barante* v. *Gott,* 6 *Barb.* 492. *Yates* v. *Yates,* 9 *id.* 346.) A gift in remainder expectant upon the death of unborn

Brown *v.* Evans.

children, is too remote. (*7 Paige*, 222, 521. *4 Kent's Com.* 297, *note a.* *Fearne on Ex. Dev.* 159, 160.)

IV. The devise over is void, because the illegal accumulation of interest, mentioned in the 2d point, is by the will mingled with the residue of the estate. This vitiates the whole executory devise. (*King* v. *Rundle*, 15 *Barb.* 145. *Hawley* v. *James*, 5 *Paige*, 318. 16 *Wend.* 61. *Haxtun* v. *Corse*, 2 *Barb. Ch. Rep.* 506. *Dekay* v. *Irving*, 5 *Denio*, 646.)

*By the Court*, EMOTT, J. This is an appeal from a decree of the surrogate of Orange county, made upon the final accounting of the respondent as executor of Silas Corwin. The principal and indeed the only particular in which the decree is complained of, as I understand the papers submitted to us, is the rule adopted by the surrogate as to the rights of the parties interested or claiming an interest in the estate, and the construction of the will of Silas Corwin upon which that rule is based. Our attention is not called to any allowance made to the executor in the settlement of his accounts, or any decisions of the surrogate which are claimed to be erroneous, independent of those that followed from the construction which he gave to the will of the testator.

The petition of appeal is informal in not naming the parties who are to be made respondents, and who are to be called upon to answer. The proceedings are defective, because all the parties who are interested in sustaining the decree are not made respondents, and are not before the court. The administrators of Jabez Corwin, at least, should have been parties to this appeal, since the reversal of this decree would affect them seriously, much more so than the executor of Silas Corwin, because his interest in respect to the disposition of the residue extends only to be protected in whatever payments he may make. In the answer of the executor, who is the only respondent to the petition of appeal, the defect of parties which thus exists is brought to the notice of the

court. No motion, however, has been made to stay or dismiss the appeal, nor have the parties who are now absent either taken an appeal themselves, although the counsel for the executors complains of the decree as not sufficiently favorable to them, or applied to be made parties to the present proceeding.

The result is, that if upon examination we had come to the conclusion that the surrogate had erred in his views of the rights of these parties, we could not upon the present appeal reverse his decree, nor disturb the adjudication which has been made as to the rights and interests of the administrators of Jabez Corwin and others, until they should be made parties to the appeal. The rule as to the parties and the correct method of procedure in such cases will be found stated by the chancellor in *Gilchrist* v. *Rea*, (9 *Paige*, 66.) See also *Gardner* v. *Gardner*, (5 *id*. 170;) *Kellett* v. *Rathbone*, (4 *id*. 102, 107.)

An examination of the case, however, shows that no error has been committed in the particulars specified, of which the appellants can complain ; and as the other parties have shown no disposition to disturb the decree, we ought not to refuse to affirm it, to enable them to come in and raise new questions.

The bequest to Jabez Corwin contained in the will of Silas Corwin is not a bequest of a life interest, as is supposed by the counsel for the appellants. It is a devise of the testator's lands in fee, and a bequest of the entire interest in his personal property, although upon a condition. If the construction of this condition, which was contended for by the respondent's counsel in one part of his argument, and which seems to have been adopted by the surrogate, be correct, it is not a condition precedent, but a conditional limitation, whose effect would be not to suspend the vesting of the interest devised or bequeathed, but to divest it, and send the property over, in the event of the non-fulfillment of the condition. The counsel for the appellants, on the other hand, contends that the clause in question constituted a condition precedent, and

that until its fulfillment no estate or interest vested in Jabez Corwin, and that the rights of the appellants depend wholly upon the devises and bequests over to them in the event of the failure of the estate of Jabez Corwin, by the non-fulfillment of the condition upon which that estate depended. In no aspect, however, can Jabez Corwin be said to have taken a life estate with remainders over, for there is no devise or bequest to his children, if he should have any ; and the question of title or ownership lies wholly between him or his representatives on the one hand, and on the other, the devisees or legatees to whom the property is given, if it did not vest in him or become divested, among whom are the present appellants. If the provisions of the will and the limitations of the testator's property which it contains are valid, either the one or the other of these classes of persons take the absolute interest in this property, in the event upon which that interest is made by the will to depend.

It follows that the absolute ownership of the property could not be determined until that event occurred, and we thus encounter the question raised by the respondent's counsel, whether it must occur within the period allowed by the statute. (1 *R. S.* 773, § 1, *tit.* 4.) The cases cited by the counsel for the respondent establish, and the rule is undoubtedly well settled, that it is the character of the limitation at the time it is created, and not the event as it turns out in fact, which is to determine its validity. If the estate created is such as by its terms to suspend the ownership of the property for more than two lives in being, it will be void, although in the subsequent history of the estate or the parties in interest it may happen that this limit is not exceeded.

The devise and bequest to Jabez Corwin in this case is of the entire property, " provided he ever has any lawful heirs that shall arrive at the age of twenty-one years," and the rights of the appellants do not attach, nor is the ultimate and absolute title determined, until it has been ascertained whether any children which Jabez Corwin might have would

live to become twenty-one years of age. As he might have had any number of such children, the title to the property would be suspended, not only during his life, but during the lives of each one of such children who should die under the prescribed age, and until some one of them should attain that age. If Jabez Corwin had three children, the title to this property might not vest either in him, or in the residuary legatees, until all these children should die; for if the first two should die under twenty-one, the title would still hang suspended upon the possible duration of the life of the third; and so of any number. The statute forbids the creation of such a limitation, and the estates in remainder under which the appellants claim are consequently void.

There is, therefore, no error in this decree, of which these appellants can complain. The error, if any, has been made against the persons who are not parties to this appeal, and who have not themselves appealed from the decree. The present respondent is not in a condition to raise the question of such an error, or to ask us to modify the surrogate's decree according to the views we have now indicated, because he has neither appealed nor set up or alleged any errors in the decree, in his answer to the present petition of appeal, as he might probably have done under the 44th rule of the court. His answer to the appeal is that the decree is in all respects correct, and he cannot now be heard to complain of it.

The decree appealed from is therefore affirmed, with costs to be paid by the appellants.

[ORANGE GENERAL TERM, September 9, 1861. *Emott, Lott, Brown* and *Scrugham,* Justices.]