## SUPREME COURT.

CHARLES WATERMAN agt. EMMETT J. BALL, as executor, and
ESTER J. BALL, as executrix of the last will and testament
of DANIEL BALL, deceased.

*Appeal from a decree of a surrogate's court — Practice.*

Where the notice of appeal from a decision of the surrogate's court to
the general term of the supreme court, describing the decree appealed
from by its date and title, is perfected. the supreme court acquires
jurisdiction of the entire decree, and may reverse the same for errors
not mentioned in the petition of appeal (*See* 3 *R. S.* [6*th ed.*], 896, *secs.* 28,
29, 30 ; *Code of Civil Procedure, secs.* 2574, 2575, 2584, 2586, 2587, 2589).

*Oneida Circuit, February,* 1880.

THIS action was brought to recover a sum of money upon
a written instrument in the words and figures following, to
wit :

## "SUPREME COURT.

AMANDA M. BENTLEY, RESPONDENT,
*against*
CHARLES WATERMAN, APPELLANT.

" Received of Charles Waterman, defendant, by O. S. Wil-
liams, his attorney, one hundred and fifty dollars, being the
amount awarded to me by the surrogate of Oneida county
for costs in the above entitled action ; and for value received
I hereby agree that if, on the final decision of the appeal in
said action, the order of said surrogate, in respect to said
amount allowed for costs, shall be reversed or modified, I will
repay said sum of $150, with interest from date, or such part
thereof as may be in conformity to the final decision in said
action.

" Dated *January* 19, 1870.          " DANIEL BALL."

The nature of the defense appears from the following find-
ings made by the court :

This action having been tried at a circuit court held **in**

and for the county of Oneida at the court-house in Rome, on the 27th day of March, 1876, by the court, a trial by jury having been waived by the parties in open court, and after hearing the proofs and allegations of the parties, the following conclusions of fact and of law are found by the court, to wit: As questions of fact the court finds,

*First.* That on the 19th October, 1865, the plaintiff was appointed administrator upon the estate of Joseph Waterman, deceased, by the surrogate of Oneida county, and immediately after such appointment entered upon the discharge of his duties as administrator and made, or procured to be made, an inventory of the property and estate of the deceased, and filed the same in the office of the surrogate of said county.

*Second.* That on the 22d January, 1866, Amanda M. Bentley, one of the next of kin of the deceased, applied by petition to the surrogate of said county for a further or amended inventory of the personal estate of the deceased, and that upon such petition a trial, hearing, and evidence was had before said surrogate, and testimony was produced and given in behalf of the petitioner, and the said administrator, and thereupon and on the 21st January, 1867, the said surrogate made an order therein, requiring the administrator to make a further inventory of the personal estate of the deceased, and that such inventory include as personal estate of the deceased:

First, cash on hand at the death of the deceased, $12.50; second, a certain note of $200 and interest, dated April, 1864; third, another note of $700, dated July 13, 1864; fourth, another note of $200, dated January 20, 1865; and said surrogate in said order, ordered and decreed that the costs of said proceedings on the application for said further or corrected inventory be paid by the administrator out of the estate of the deceased, as follows:

To the surrogate for his costs.................... $40 80
To the petitioner for her disbursements........... 57 50
To the administrator for his disbursements........ 65 00.

To D. Ball, attorney for petitioner................ $150 00
To. O. S. Williams, attorney for administrator. ...   150 00

*Third.* That on February 20, 1867, the said administrator appealed from said order to the general term of the supreme court, which appeal was filed that day in the office of the surrogate, with a bond given on the appeal and approved by the surrogate, and a return to such appeal was thereafter made by said surrogate. That thereafter the said administrator made and filed his petition of appeal from said order of the surrogate with the clerk of Oneida county, as required by the rule of the supreme court, and in said petition of appeal set forth and specified that the order was erroneous in all those parts mentioned in the order as " two, three and four, and which relates to notes therein described," that thereafter the said Amanda Bentley filed her answer to said petition of appeal, alleging that the order and decree in the particulars set forth in the petition of appeal and in all other particulars is correct.

*Fourth.* That while the appeal was pending in the general term of the supreme court and before argument of the appeal, to wit, January 19, 1870, Daniel Ball, " now deceased," and then the attorney of said Amanda M. Bentley, on the appeal, was paid by said Charles Waterman, administrator as aforesaid, the said sum of $150 so ordered to be paid to said Ball by said surrogate as aforesaid, and upon the receipt of the same by the said Ball, he made, executed and delivered to the said Charles Waterman the instrument in writing dated January 19, 1870, fully set forth in the complaint in this action.

*Fifth.* That said appeal was argued at a general term of the supreme court of the fourth department, at the January term of said court, in the year 1871, and afterwards, and on the 6th day of February, 1871, at a general term of the said court, held in Buffalo, a decision upon said appeal was made by said court. That no proofs were given upon the trial of

this action, showing what order or decision of said general term was made upon the decision of said appeal, except as contained in the answer of the defendant, admitting that the order of the surrogate as to the second, third and fourth parts specified in the petition of appeal as erroneous, was reversed.

*Sixth.* The plaintiff introduced in evidence certain papers purporting to be a judgment record upon said appeal, and which papers were marked, "filed March 27, 1871," v the clerk of Oneida county, and what purported to be the dgment of the general term on said appeal was annexed to the papers used on the appeal, and a copy of which is set forth in the answer of the defendant following exhibit " C," referred to in said answer. That it nowhere appears in said papers, purporting to be a judgment record, that any rule, order, or decision of the general term was made upon said appeal, nor does it appear in evidence that any rule, order, or decision made by the general term on said appeal, was filed in the clerk's office of the county of Oneida.

*Seventh.* That this action was commenced December 22, 1874, against Daniel Ball, to recover the sum mentioned in said receipt, and that he died, and after his death the defendants, as executors of said Daniel, were substituted defendants in the place of said Daniel Ball on the 26th October, 1875.

From the facts found I find and decree as matter of law that the plaintiff is not entitled to recover, and that he should be nonsuited and the complaint of plaintiff dismissed and judgment of nonsuit and dismissal of complaint is ordered accordingly.

JAMES NOXON,
*Justice Supreme Court.*

*A. N. Sheldon*, for plaintiff.

*Charles H. Searle*, for defendants.

Waterman agt. Ball.

Noxon, J. — The plaintiff, to maintain his action in this case, was bound to prove that a final decision had been made upon the appeal from the order of the surrogate, by which the order of the surrogate in respect to the amount allowed for costs to Daniel Ball had been reversed or modified. This was the condition of the receipt upon which payment was predicated. The only evidence offered to show the final decision was a record made up and filed in Oneida county, containing no decision or order of the general term of the supreme court. The record offered purports to give the order, judgment and decree of the general term, but it nowhere appears in the record, or in any evidence offered or produced, or in any admission in the pleadings, or elsewhere, that the general term reversed or modified the order of the surrogate's court in respect to the amount allowed for costs. The authority to enter judgment can only appear from a certified copy of the order of the general term directed upon the decision of the court, to be entered by the clerk of the court. This copy order should be obtained and annexed to the roll; it is the authority and only authority which authorizes the clerk to enter judgment. This order is not shown, nor is there any evidence that it was ever filed in the county clerk's office. On the contrary, the clerk certifies that he has made diligent search in the records of his office, and finds no order authorizing an entry of judgment in the action appealed from, and no record that said order was entered in his office in the said action during the period from January 1 to December 31, 1871. There can be no doubt that the decision of the general term upon the affirmance or reversal of order of the surrogate brought into that court upon appeal, should be entered in the office of the clerk of the county in which the surrogate is officer. The appeal brings into the supreme court the pleadings, proofs and proceedings had before the surrogate, and the decision of the court results in a judgment of that court entered with the clerk of the county, and thereafter a certified copy of the judgment is delivered to the surrogate, and said judgment

controls the surrogate in the further disposition of the proceedings had therein by him. If an appeal is taken to the court of appeals, such appeal is from the judgment entered in the county clerk's office.

After the appeal in this case was brought, and the proceedings transferred to the supreme court, the appellant, in pursuance of the rule of the supreme court, made, filed and served his petition of appeal, in which he specified the parts of the order of the surrogate which he complains is erroneous, and those parts are in relation to certain notes described in the order. No complaint is made in said petition of any error by the surrogate in respect to costs. The opinion of justice JOHNSON, given upon the decision of the appeal at general term, does not consider any question in the decision of the matter before the court, except so far as it relates to the question whether said notes should be included in the inventory, or whether the amount of the notes should be included in the inventory as assets upon a claim of the deceased or his heirs against his widow, or the parties who had paid the notes to the widow. The decision ends as follows: " On the whole testimony before the surrogate, we can have no doubt that a valid gift *causa mortis* was fully proved; and that upon that ground alone the order of the surrogate should be reversed. Order reversed, with costs of appeal to be paid by the respondent personally."

In the absence of any order or direction of the court other or different than what is contained in their opinion, I am of the opinion that no part of the order was reversed or intended to be reversed, except so much of the order as the appellant in his petition of appeal claimed to be erroneous, and that the question relating to costs was not considered by the court; and I am the more inclined to this opinion from the fact that said order contained a provision that the administrator include in his inventory an item of twelve dollars and fifty cents, against which no error was assigned, and the justice in his opinion said, after reviewing the case upon the question as to

whether the notes should be included in the inventory, " In this he (the surrogate) was most clearly mistaken, in view of all the facts before him, and his order in that respect should be reversed." If, however, as the court may have done, this question was considered and the order directeu to be entered by them covering other questions not specifically claimed as error in the order, I have concluded to nonsuit the plaintiff, and leave him in a situation to make such other or further proof in another action as he may deem best.

The plaintiff appealed to the general term from a judgment entered pursuant to the foregoing opinion of justice Noxon, and such judgment was reversed by the general term. No opinion.

Thereupon the defendants moved, at a special term, to correct the judgment-roll in said case of Bentley against Waterman, and the motion was denied, and the defendants appealed from the order denying this motion to the general term and to the court of appeals. This order having been affirmed, this action was again tried before Mr. justice Merwin without a jury, at the February circuit, in Oneida county, 1880. In deciding the case, justice Merwin delivered the following opinion:

Merwin, J.— On the 19th October, 1865, Charles Waterman was appointed administrator of the estate of Joseph Waterman, deceased. In January, 1866, Amanda M. Bentley, one of the next of kin of the deceased, petitioned the surrogate for an order compelling a further inventory; and on this application a trial was had before the surrogate, Mr. Ball, the defendant's testator, appearing as counsel for the petitioner, and Mr. Williams as counsel for the administrator.

On the 21st day of January, 1867, a decree was made by the surrogate requiring a further inventory, which should contain cash, twelve dollars and fifty cents, and three certain notes, amounting in the aggregate to $1,100, besides interest.

At the close of the decree was the following clause: "And

Waterman agt. Ball.

it is further ordered and decreed that the costs of these proceedings be paid by the administrator out of the estate of the said Joseph Waterman, deceased, as follows:

To the surrogate, for his costs and disbursements, the
sum of ....................................... ·$40 30
To the petitioner, for her disbursements.......... 57 50
To the administrator, for his disbursements ....... 65 00
To D. Ball, attorney for the petitioner, an allowance
of ........................................... 150 00
To O. S. Williams, attorney for the administrator,
an allowance of............................... 150 00

On the 20th February, 1867, the administrator appealed to the supreme court. The notice of appeal is general, specifying no particular part, but appealing generally from the decree, describing it by its date and title.

On the 4th March, 1867, the appellant served his petition of appeal under the rule, specifying as erroneous that part of the decree relating to the three notes, and saying nothing about the sums awarded for costs. It prayed that Amanda M. Bentley answer the petition; that the decree be reversed or modified and rectified, and for such other relief as might be just. This petition was signed by Mr. Waterman and by Mr. Williams as attorney. An answer was put in by Mrs. Bentley, which was signed by her and by Mr. Ball as attorney.

Thereafter, and while this appeal was pending, and on the 19th January, 1870, Mr. Ball received from Mr. Waterman, the plaintiff in this action, the $150 awarded to him for costs in the decree, and gave back to Waterman an agreement in writing, agreeing for value received "that if, on the final decision of the appeal in said action, the order of said surrogate in respect to said amount allowed for costs shall be reversed or modified, I will repay said sum of · $150, with interest from date, or such part thereof as may be in conformity to the final decision in said action."

Waterman agt. Ball.

In February, 1871, the general term made an order reversing generally the order of the surrogate, and on the 27th March, 1871, judgment was entered reversing in all things the decree of the surrogate.

The present action is brought on the agreement of January 19, 1870, against the executors of Mr. Ball, to recover the $150.

The main question is whether the general term had jurisdiction to reverse the decree *in toto*, thereby reversing it as to the costs allowed Ball, although in the petition of appeal no error as to the allowance of costs was specified.

Upon the former trial of this action it was held, among other things, that the order of the general term was operative only on the parts specified in the petition of appeal, and judgment of nonsuit was granted which, on appeal, was reversed. The ground of reversal does not appear. If the court had held with the defendant that the order of the general term of February, 1871, was not operative on the items of costs allowed by the surrogate, there would seem to have been no reason for reversing the judgment.

In June, 1878, a motion was made to the general term to modify the order of February, 1871, so as to limit it to the parts of the decree specified in the petition of appeal. This motion was denied, and an appeal to the court of appeals from such denial was dismissed (9 *N. Y. Weekly Digest*, 205), it being said by that court that the order appealed from was a discretionary one, assuming the application to have been made in time. Would this have been so, had the general term no jurisdiction to make the original order (59 *N. Y.*, 629)?

It seems to me that the jurisdiction of the general term, and the extent of its authority in the matter, were fixed by the notice of appeal, the same being perfected in conformity with the statute by filing the notice and the required bond with the surrogate (3 *R. S.* [*6th ed.*], 896, *secs.* 28, 29, 30).

The filing of these papers constituted sufficient notice to

the adverse party (*Sec.* 38, *page* 897). All proceedings on the order appealed from were staid. If some party in interest is not made a party to the petition of appeal, he can apply to the supreme court to be admitted, and must give notice of this application to the opposite party (*Suffern* agt. *Lawrence*, 4 *How. Pr. R.*, 129).

No proceeding can be had on the decree of the surrogate without leave of the appellate court (*Halsey* agt. *Van Amring*, 4 *Paige*, 279).

In the present case the notice of appeal was general and covered the entire decree. The appeal was such that under the former practice would have been taken to the court of chancery. The entire case was transferred (*Clayton* agt. *Wardell*, 2 *Bradf.*, 6; *Schenck* agt. *Dart*, 22 *N. Y.*, 420; 9 *Abb.*, 393; *Dayton*, 741).

It may be, as is said in *Brown* agt. *Evans* (34 *Barb.*, 594), that the rights of parties, not made parties to the petition of appeal, should not be disturbed. But that is not the point here. The question here is whether the appellate court had jurisdiction to make the order reversing the entire decree. In my opinion it had.

It would seem from the instrument sued on, that defendants' testator supposed that the appellate court had the power to reverse as to costs. That contingency was contemplated by the parties, and this was long after the petition of appeal had been served and answered.

The costs allowed by the surrogate were the costs of that particular proceeding.

The amount in question was allowed for the benefit of the original petitioner, and she was the party in interest. If the costs were incident to her claim, and her claim was objected to and fell, the costs would fall with it. The surrogate had no right to allow costs in that form (*Reed* agt. *Reed*, 52 *N. Y.*, 651).

A question was raised on the trial as to the regularity of the judgment record offered in evidence by the plaintiff. I

do not see how that question can be raised here.  The record purports to be the judgment of the general term signed by the clerk of the court in and for this county and filed here. If there is anything about it irregular, that is a proper subject for a motion in that case.  The question cannot be raised here (48 *Barb.*, 73).  It follows that the plaintiff is entitled to judgment.