Coan *v.* Osgood.

New trial denied.

[Monroe General Term, September 5, 1853. *Welles, T. R. Strong* and *Selden,* Justices.]

———— •••• ————

## Coan and Post *vs.* Osgood and others.

Where, in an action for trespass on lands, the defendants, in their answer, set up a title to the premises in a third person, and justify their entry under a license from him, they cannot change their ground, upon the trial, and show title in one of the defendants.

Where the defendants, in an action for trespass in entering upon land and removing a division fence, justified under a license from M. O., the owner of the land, and claimed that the fence was, previous to its removal, upon land owned by M. O., and that they removed the same and placed it upon the true line; and offered to prove a submission to arbitration of the question as to the disputed line, made by C., the plaintiffs' grantor, of the one part, and D. O., one of the defendants, of the other part, and an award by

the arbitrator, fixing the division line between the parties as owners of the adjoining lands, in a particular place; *Held*, that the submission and award were not admissible in evidence, for the reason that they were not between the parties to the suit, and did not tend to establish title in M. O.

THIS was an action for trespass on lands, originally commenced in a justice's court, and afterwards discontinued there and brought in this court, upon the defendants' plea of title, pursuant to statute. The complaint in this court, after stating the bringing the action in the justice's court, the complaint and the plea of title there, and the giving an undertaking by the defendants, pursuant to section 56 of the code, proceeded as follows : " And the said plaintiffs now make complaint in this court, pursuant to the statute in such case made and provided, that they the said defendants, on or about the 1st of May, 1851, at Lodi in said county of Seneca, wrongfully entered into and upon the lands of the said plaintiffs on lot number sixty-six (66) in said town of Lodi, and removed a fence, and constructed another across the tillable land of said plaintiffs, and broke the plaintiffs' close, to their damage sixty-five dollars," &c. The defendants, by their answer set up title to the *locus in quo*, at the time of the supposed trespass, in Magdalene Osgood, and alleged that they entered by the consent and authority of the said Magdalene, &c. and by her authority and consent removed the fence complained of, &c. The plaintiffs in their reply denied title in the said Magdalene Osgood. The action was tried before T. R. Strong, justice, at the Seneca circuit, in April, 1852. At the trial the plaintiff gave in evidence letters patent from the state of New-York to David Cole and Cornelius B. Cole, bearing date March 14 1821, granting to the patentees $211\frac{55}{100}$ acres lying in lot No 66 in the town of Lodi, and being subdivision No. 1 of said lot No. 66, describing the same particularly. By two deeds from Cornelius B. Cole and wife to David Cole, one given in 1823 and the other in 1833, all the interest of the former in the lands embraced in said patent, was conveyed to the latter. By a deed from David Cole and wife to the plaintiff Lewis Post, dated April 1, 1851, the former conveyed to the latter " seventy acres of land described as follows, being on the lot No. 66 in

Coan *v.* Osgood

said town of Lodi, the same formerly occupied by Elijah Covert and now occupied by Freeman Covert, bounded on the north by the highway running in front of widow Bishop's house, on the east by land owned by the said David Cole, sen. on the south by widow Osgood's land, on the west by the highway, the same to contain seventy acres of land." By a deed from said Lewis Post and wife to the plaintiff Claudius C. Coan, dated April 28, 1851, the former conveyed to the latter an equal undivided half of the same premises described in the last preceding deed. The plaintiffs also gave in evidence letters patent from the state to William Osgood, now deceased, bearing date March 14, 1821, (being the same date with the said patent to David Cole and Cornelius B. Cole) granting to the patentee 200 acres of land, being subdivision No. 2 of said lot No. 66 in said town of Lodi, and describing the same particularly by monuments, courses and distances. The plaintiffs' counsel also introduced in evidence a deed from David Cole and wife to Magdalene Osgood, widow of William Osgood, deceased, William, David, John, Sally, Lana and Lucy Osgood and others, children and heirs of William Osgood, deceased, dated September 2, 1824, conveying premises described as follows : " Beginning at the southwest corner of subdivision No. one at a stake and stones, thence east 48 chains and two links, thence north far enough to make 40 acres of land, parallel lines." The plaintiffs gave evidence tending to prove that the defendants had moved the fence in question from where it had previously stood, north, from one to three rods. It appeared from the descriptions of the two pieces of land in the patents to David and Cornelius Cole and to ·William Osgood, that the two subdivisions of said lot No. 66 were adjoining each other ; subdivision No. 1 conveyed by the first mentioned patent was situated in the north part, and subdivision No. 2, conveyed by the other patent, was situated in the south part of. said lot No. 66. It also appeared by the descriptions in the patents, that there was a mistake in one of them, as the south line of subdivision No. one, and the north line of subdivision No. two, starting at the same point in the west line of said lot No. 66, and running east 48 chains and two links, terminated at their

eastern extremity 10 chains and 32 links apart—the most northern of these two lines being the north line of subdivision No. 2, and the most southern the south line of subdivision No. 1, thus making one certain triangle of land embraced in both patents.

Much evidence was given with a view of establishing a practical location by the parties holding under these patents, of the division line between them; the defendants claiming that the fence in question which they had removed was, before its removal, upon the land embraced in the deed from David Cole to Magdalene Osgood and others, and that the place to which it was removed was also within the same bounds; and the plaintiffs claiming that the fence was removed so as to fence in and annex a portion of their land. Among other things, the defendants offered to prove a submission, in writing to arbitration, of the matter of the disputed line between the lands embraced in the two patents under which the parties claimed, to John Knox, in December, 1845, which submission was by David Cole, the plaintiffs' grantor, of the one part, and David Osgood, one of the defendants, of the other part; and that the said arbitrator John Knox afterwards made his award in writing, in pursuance of such submission, by which he adjudged the division line between the farms of the parties to the submission to be in a certain place as contended for by the defendants; describing such line particularly. This evidence was objected to by the plaintiffs' counsel, on the grounds, among others, that the submission was not between the same parties, Magdalene Osgood, under whom the defendants justified the alleged trespass, not being a party to it, and she not being bound by it, the other party David Cole would not be bound by it; also that it was good for nothing except by way of estoppel, and that estoppels must be mutual; also that the lands were not the same, between which the line was settled by the award; also that the defendant had set up freehold in Magdalene Osgood, and they must be confined to that; also that the award did not tend to prove a fee in Magdalene Osgood, and less than that would not avail the defendants under the pleadings, &c. The court sustained the objection, and the defendants' counsel excepted. The jury found a verdict

Coan *b.* Osgood.

in favor of the plaintiffs, and assessed their damages at four dollars. A motion was now made to set aside the verdict and for a new trial.

*D. Herron*, for the defendants.

*P. G. Clark*, for the plaintiffs.

*By the Court*, WELLES, P. J. I think the offer of the submission and award respecting the disputed line, was properly overruled, for the reason that they were not between the same parties, and did not tend to establish title in Magdalene Osgood. The defendants, by their answer, have set up title in her, and justified their entry under a license from her. Neither of them had the right to change his ground upon the trial, and show title in himself. The only effect of the evidence would have been to show title in David Osgood, one of the defendants, or what would have been practically the same thing, to show that David Cole, the grantor of the plaintiffs, and consequently the plaintiffs themselves, were estopped from denying his title. If the defendants had justified by virtue of title in themselves, possibly the evidence might have been admissible for David Osgood, the only one of the defendants who was a party with Cole to the submission. It was urged upon the argument, by the defendants' counsel, that by the deed from David Cole to Magdalene Osgood, David Osgood and others, Magdalene and David were privies in estate of the premises, the division line of which was settled by the award, and therefore that the award bound the former, and consequently would enure to her benefit.

It will not be contended that this award could have any greater effect upon individuals, not parties to it, by way of an estoppel, than if it had been a judgment or decree of a competent court upon the same matter ; nor will the general rule be denied, that a judgment cannot be evidence for either party in an action against one who was a stranger to the former proceeding, who had no opportunity to examine witnesses or defend himself, or to

appeal from the judgment. It is equally well settled that a verdict or judgment in a former action, upon the same matter directly in question, is evidence for or against privies in blood, privies in estate and privies in law.

It is a mistake, however, to suppose that Magdalene Osgood was privy in estate with David Osgood, so as to be concluded by a judgment or award in his favor, or against him. Mr. Greenleaf says, "The term *privity* denotes mutual or successive relationships to the same rights of property; and privies are distributed into several classes, according to the manner of this relationship. Thus, there are privies in estate, as donor and donee, lessor and lessee and joint tenants; privies in blood, as heir and ancestor and coparceners; privies in representation, as executors and testator, administrators and intestate; privies in law, where the law, without privity of blood or estate, casts the land upon another, as by escheat. All these are more generally classed into privies in estate, privies in blood and privies in law." (1 *Gr. Ev.* § 189.) In the instances given by our author, of privies in estate, as indeed in the other classes also, they are between persons where one succeeds to the rights of another; or, as it is sometimes expressed, where one comes in, *in the post*, to another; except in the case of joint tenants, where each represents the interest of all; like coparceners, where all make but one heir. Privity is defined by Mr. Burrill, in his dictionary, as "a derivative kind of interest, founded upon or growing out of the contract of another, as that which subsists between an heir and his ancestor, between an executor and testator, and between a lessor or lessee and his assignee." He defines "privy" to be "a person who has an interest in an estate created by another; a person having an interest derived from a contract or conveyance, to which he is not himself a party. Thus, an heir is privy to the conveyance of his ancestor, an executor to the contract of his testator, and an assignee of a lessor, to the contract of the original parties." It will be perceived that none of these relations which constitute legal privities, existed between Magdalene and David Osgood. They were at most, tenants in

Coan *v.* Osgood.

common with others, of the *locus in quo*, by virtue of the deed from David Cole and wife for the forty acres. Their interests were distinct; neither held by, through or under the other, and, as I think, neither could bind or estop the other, by any act or admission without the consent of the other. They were not, as in the case of joint tenants, seised *per my et per tout ;* and no *jus accrescendi* existed between them.

There is an exception to the rule that no judgment or verdict can be given in evidence against or in favor of a person not a party or privy to the record; and that is, wherever the matter in dispute is a question of *public right ;* in such case, all persons standing in the same situation as the parties, are affected by it; and the judgment is evidence to support or defeat the right claimed; thus, a verdict finding a prescriptive mode of tithing, the right of a city to toll, the right of an election of a church warden, a customary right of common, the liability of a parish to repair a particular road, a public right of way, or the like, is evidence for or against the custom or right, though neither of the litigating parties is named in or claims under those who are parties to the record. (*Peake's Ev.* 32.) Upon this principle the cases of *Jacobson* v. *Fountain,* (2 *John.* 170,) and *Gould* v. *James,* (6 *Cowen,* 369,) referred to by the counsel for the defendants, were decided. The cases of *Reed* v. *Jackson,* (1 *East,* 355;) *Case* v. *Reeve,* (14 *John.* 79;) *The Company of Carpenters. &c.* v. *Hayward,* (*Doug. R.* 374;) *Phill. Ev.* 252–3, *N. Y. ed. of* 1823; *Id.* 327–8, *ed. of Cowen & Hill of* 1839; *Gr. Ev.* § 526, with many other authorities, assert or recognize the same general rule.

I also think the offer of the defendants to prove an agreement between William Osgood and the Coles at the time of the survey made by McFadden, respecting what the parties were to purchase from the state, was properly overruled, for the reason that it related to the title to real estate. Evidence was received of the acts of the respective parties, tending to show their possessions respectively at the time referred to, which was as far as it was proper to go.

Not being able to discover any error in the charge of the judge, or in his refusal to charge, which can be the subject of an exception, I think the judgment at special term should be affirmed.

Ordered accordingly.

[MONROE GENERAL TERM, September 5, 1853. *Welles, Selden* and *T. R. Strong*, Justices.]