MEYER LOWENSTEIN *vs.* THOMAS McINTOSH.

Where an agent, without authority from his principal, submits to arbitration, in his own name, controversies existing between the principal and another, and after an award is made in favor of the agent, the principal takes an assignment of it, and then assigns it to a stranger, this is an adoption and ratification by the principal of the unauthorized act of the agent in making the submission.

The accepting and assignment of the award, and then assigning it to another, are emphatic acts of adoption and ratification; and are as conclusive upon the principal as if he had himself been personally a party to the submission and had subscribed the same.

An action brought upon such award, by the assignee, and a recovery and judgment thereon by the plaintiff, will establish the validity of the award, as effectually as if the action had been brought by the principal, before assigning it.

Until such judgment is reversed, it binds all the parties and privies, as to every thing necessarily adjudicated thereby, and bars an action by the principal for any of the matters embraced in the submission; he being in privity with the plaintiff in such judgment, in respect thereto, and everything which it necessarily adjudicates.

An award settles and quiets forever all questions fairly within the meaning and intention of the submission; and that, even though the arbitrators neglected to pass upon some of the matters submitted to them. There is no difference, in this respect, between an award and a judgment.

APPEAL from a judgment entered at a special term, after a trial at the circuit, before the court without a jury. The action was brought for an accounting between the parties relative to the crops and produce of a farm leased by the plaintiff to the defendant on the 1st day of May, 1859, for the term of one year. The rent to be paid by the defendant was one half of the products and crops which should be raised on the farm by the defendant. The plaintiff prayed for an injunction to prevent the defendant from disposing of or removing the crops, and for a receiver. The answer put in issue most of the allegations of the complaint; alleged that Henry Lowenstein was the owner of the cause of action set forth in the complaint, and that he became and now is the owner thereof, by sale and assignment from the plaintiff to him, made prior to the commencement of this action; and

that the plaintiff was in no way interested in the subject matter of the action, nor an executor or administrator, or trustee of an express trust, or a person expressly authorized by statute to sue. For a third answer, the defendant alleged that on or about the 19th day of Sepember, 1859, the said Henry Lowenstein and the defendant agreed in writing to submit all matters concerning the leasing of the farm, and the crops thereon, and all other matters whatever, to the arbitration and award of Hiram Sprague and Henry Fuller; which agreement and submission were set out, at length. The answer then set forth the award made by the said arbitrators, in pursuance of the submission, dated October 1, 1859, by which they awarded and determined that the defendant should pay to the said Henry M. Lowenstein the sum of $100, due to the latter, in settlement of the said claims, differences and controversies. That said award was duly published, and delivered to the parties; and that shortly thereafter the said Henry Lowenstein duly sold and assigned all of his interest in said award to Meyer Lowenstein, the plaintiff, who thereupon assigned the award, and all his interest therein, to Anna Lowenstein, the wife of Henry Lowenstein. And that Anna Lowenstein, on the 6th of November, 1859, commenced an action on the award, against the defendant, before H. E. White, a justice of the peace of the city of Rochester; that the defendant appeared therein, and such proceedings were had in said justice's court that on the 15th of November, 1859, the justice rendered a judgment, in said action, on the award, in favor of the plaintiff therein, against the defendant, for $100, and costs; which judgment still remains in full force, unmodified and unreversed. That Henry Lowenstein made the agreement of submission as the agent of Meyer and Anna Lowenstein; that he was authorized to make such submission, on their behalf; that the said submission was approved by each of them; and that the same is binding upon any interest the said Meyer and Anna had in the subject matter of the submission.

Lowenstein v. McIntosh.

The justice before whom the action was tried, at the circuit, found the following facts: That in April, 1859, the plaintiff was the owner of the farm described in the complaint, and on or about the 1st of May thereafter the defendant made an oral arrangement with Henry Lowenstein, who was the son and agent of the plaintiff, for the occupation and cultivation of the farm, under which the defendant went into possession, about the same time. That on or about the 2d day of June following, the defendant and plaintiff entered into the written agreement (or lease) set forth in the complaint, which was ante-dated May 1, 1859. That under this the parties went on; Henry Lowenstein acting as agent for the plaintiff, in the matters connected therewith. That on the 12th of the following August the plaintiff conveyed the farm to Anna Lewenstein, the wife of Henry; and on the same day sold the personal property (not including the crops) to the said Anna; and Henry thereafter acted as the agent for the said Anna. That under the agreement both parties put stock on the farm, and crops were sown and planted, and some part gathered prior to September 17, 1859. That on that day Henry Lowenstein and the defendant executed the submission set forth in the answer; which was followed by the making and delivery of the award. That soon after, Henry assigned this award to the plaintiff, who, on the 6th day of November thereafter, assigned it to Anna Lowenstein. That she on the same day commenced an action on it, before a justice of the peace, which action was litigated. That on the 15th day of the same month she recovered a judgment for the amount of the award and costs, before the justice; he having jurisdiction of the subject matter of said action and of the parties thereto. And that on the 26th of November, 1859, Anna Lowenstein transferred to the plaintiff the matters which constituted the cause of action in this suit.

The conclusions of law were as follows: 1. That the submission embraced the matters in this action. 2. That Anna Lowenstein and Meyer Lowenstein had ratified such submis-

sion; and such subsequent ratification binds them, the same as if they had originally authorized such submission. 3. That the judgment of the justice was conclusive between the defendant and Anna, and their privies, as to the validity of the award. 4. That the plaintiff, as to that judgment, was in privity with Anna. 5. That the award was a bar to this action. 6. That the defendant was entitled to judgment against the plaintiff, for costs.

*George G. Munger,* for the appellant.

*E. Harris,* for the respondent.

*By the Court,* WELLES, J. The findings of fact by the justice before whom the cause was tried show that Henry Lowenstein never had any legal interest in the farm; and that in the arrangement made by him with the defendant, on or about May 1, 1859, under which the defendant went into possession of the farm, he acted as the plaintiff's agent. The agreement in writing afterwards made between the plaintiff and defendant, in relation to the occupancy and cultivation of the farm, was dated the 1st of May, 1859, doubtless for the purpose of embracing and merging the previous parol arrangement made between the defendant and Henry Lowenstein. Upon the execution of this written agreement between the plaintiff and the defendant, which was actually executed in June, but ante-dated May 1st, the parties went on, the defendant being in possession and cultivating the farm, under the written agreement; Henry Lowenstein acting as the agent of the plaintiff in the matters connected therewith.

On the 12th of August following, the plaintiff conveyed the farm to Anna Lowenstein, the wife of Henry, and on the same day sold the personal property (not including the crops) to Anna, and thereafter Henry acted as the agent of Anna. Under the agreement both parties put stock on

the farm, and crops were sown and planted, and some part gathered prior to September 29, 1859, on which day Henry Lowenstein and the defendant executed the submission to arbitration.   This submission declares that in entering into it Henry Lowenstein acted as and for his father, Meyer Lowenstein, and his wife, Anna Lowenstein, as for himself individually.   It recites differences existing and undetermined between Henry and the defendant, growing out of mutual accounts between them, and demands of one against the other, arising from certain transactions concerning the leasing, working and dividing of crops and produce of the farm. It then proceeds as follows:  " Now therefore, for the purpose of settling all of such claims, amounts, demands and controversies of whatever kind, we, the said Thomas McIntosh and Henry M. Lowenstein, for himself and Meyer Lowenstein and Anna Lowenstein, and all persons interested, doth each agree to submit, lay before, and leave out to Hiram Sprague and Henry Fuller,  *   *   *   *   *   who have been and are hereby chosen arbitrators by us to examine, settle and adjust, and finally determine all matters of account and differences of whatever kind between us, arising out of the transactions aforesaid, or any other, and to award," &c.   This was in fact a submission by Henry Lowenstein of all the matters recited and referred to, which existed between the plaintiff and the defendant, and embracing the matters in controversy in this action ; and in submitting those questions Henry Lowenstein acted expressly as the plaintiff's agent. This he could not make more manifest than is done in the submission itself.   Besides, in relation to all the transactions between the parties, or as connected with the farm and the occupation and working and in stocking it, Henry appears as agent either for his father or his wife, and not a word or intimation appears any where in the case showing that he had any interest, except as such agent, in the matters referred. The differences between Henry and the defendant, recited in the submission, are shown by the submission itself to have

arisen from the transactions concerning the leasing and working of the farm and dividing the crops and produce thereof, which were all questions between the plaintiff and defendant in this action, and should be so regarded.

In entering into the submission, Henry acted without authority from either his wife or the plaintiff, and the award made in pursuance of the submission is not binding on either party, unless it has been since ratified by the plaintiff. Soon after the award was made, which was in Henry's favor, he assigned it to the plaintiff, who, on the 15th day of October thereafter, assigned it to Anna Lowenstein. This was clearly an adoption and ratification, by the plaintiff, of the unauthorized act of Henry in submitting to arbitration the controversies between the former and the defendant. The act of accepting the assignment, and that of assigning to Anna Lowenstein, are emphatic acts of adoption and ratification; and are as effective upon the plaintiff as if he had himself been personally a party to the submission, and had subscribed the same. And as to the form and soundness of the award, the prosecution of the defendant upon it, by Anna, before a justice of the peace, with the trial and judgment thereon, established its validity, as effectually as if the plaintiff had not assigned it and the action before the justice had been in his name, to recover the amount awarded. Until the judgment is reversed it binds all the parties and privies, as to every thing necessarily adjudicated by the judgment. The judgment could not have been given except the award was binding and obligatory. And as between the parties to it and their privies, the judgment cannot be reviewed, except upon appeal. As long as it stands unreversed it is the law for the parties, upon all the questions which it involves. Within the principle of the case of *Coan* v. *Osgood*, (15 *Barb.* 583, 588,) the plaintiff was in privity in respect to the judgment and every thing which it necessarily adjudicated, with the plaintiff therein, Anna Lowenstein. As to what facts a judgment establishes, see *White* v. *Merritt*, (3 *Seld.* 356.)

If the award was binding upon the present plaintiff, as I think it clearly was, after the ratification by him, above mentioned, it settled and quieted forever all questions fairly within the meaning and intention of the submission; and that, even though the arbitrators neglected to pass upon some of the matters submitted to them. Such would have been the effect of a judgment, and there is no difference in that respect between an award and a judgment. (*Brazill* v. *Isham*, 2 *Kern.* 15.)

Upon the question of the ratification of the submission by the plaintiff, his counsel invokes the benefit of the rule that a ratification by an individual of an unauthorized act of one assuming to act as his agent, to be effectual, must be with full knowledge of every material fact and circumstance in the case, and of the acts of his agent. Such is undoubtedly the rule, and should be enforced in cases where the facts will justify its application. In this case, however, the presumption is that the plaintiff had such knowledge at the time of his acts which constituted the ratification. The award was assigned to him soon after it was made, and that recited the submission; and the presumption is that the submission accompanied the assignment of the award, as the award would be good for nothing without the submission. And in aid of this presumption, the findings of fact show that on the trial before the justice, of the action on the award, the plaintiff's assignee, who was plaintiff in that action, gave in evidence the submission as well as the award, and the assignments upon it.

Upon the whole, I am of the opinion that the judgment of the special term is free from the objections now urged against it, and that the same ought to be affirmed.

Ordered accordingly.

[MONROE GENERAL TERM, March 3, 1862. *Welles, E. Darwin Smith* and *Johnson*, Justices.]