White *v.* Evans.

## WHITE *vs.* EVANS.

Persons who are made parties to a foreclosure suit are estopped from disputing the title acquired by a purchaser of the premises, at a sale under the decree of foreclosure.

Where, in an action of ejectment, a deed from T. to the defendant, and a mortgage from the latter to the plaintiff, were both said to be in the *ordinary form,* and that they *conveyed the premises; Held* that the court would be warranted in assuming that the conveyances were *in fee,* and not of a leasehold character, nor subject to rent; and that they *passed* the title.

A mortgagor, in an action against him by a purchaser under a decree of foreclosure, to recover the possession of the premises, can not, if he has continued in the undisturbed possession, set up any title in himself which would have been a defense to the foreclosure suit.

But if he has been actually dispossessed, under another proceeding, and subsequently came into possession under other persons, *it seems,* he has a right to set up an adverse title.

---

White *v.* Evans.

---

Judgments are conclusive only on parties and privies. A judgment record proves nothing against a stranger to the proceedings.

The title of a mortgagee, who becomes the purchaser of the mortgaged premises at a sale under a decree of foreclosure, relates back to the period when the mortgage was executed, and takes effect from that time.

In an action of ejectment it was proved that the defendant was in possession at the commencement of the suit, and had been in possession for some ten years; and that in 1854 he had title to the premises in dispute. The plaintiff claimed that it was a title in fee simple absolute; the defendant that it was a title under a lease, or deed in fee, from V. R., subject to a rent charge for the payment of an annual rent; and that this title was prior, and superior, to that claimed by the plaintiff. In 1854 the defendant mortgaged the premises to the plaintiff. The mortgage was foreclosed, in 1862, and at a sale under the decree of foreclosure the plaintiff became the purchaser of the premises. *Held* that the plaintiff had, by the sale and conveyance to him in the foreclosure suit, acquired title to the premises, and that he had shown a clear right to recover. And that the defendant, in order to defeat the action, was bound to prove the V. R. title; that it was the true and valid title to the premises; and that by proper legal modes of conveyance, or judicial proceedings, it had become vested in those under whom he held possession.

THIS is an appeal by the plaintiff from a judgment in ejectment, rendered in favor of the defendant, in an action tried at the Rensselaer circuit, in October, 1864. The defendant being in possession of the premises, and having had a conveyance thereof, in the usual form, in 1852, from Elizabeth Tift, in 1854 mortgaged the same to the plaintiff. In July, 1862, an action was commenced for the foreclosure of this mortgage, and the defendant, his wife, Darius Allen and others were made parties defendant in that action, and the summons was served on them. Judgment of foreclosure was obtained and the roll filed on the 3d of October, 1862, and $984.44 found to be due on the mortgage. The premises were sold on the judgment of foreclosure, on the 5th day of January, 1863, and the premises purchased by the plaintiff, who received his deed thereof on the 9th day of January, 1863. This suit was commenced on the 16th day of December, 1863, and the defendant was then in possession of the premises. The defendant, intermediate the execution and foreclosure of the mortgage, had conveyed the premises first

to a third person, and that third person to the defendant's wife. The annual value of the premises was $150. The de-defendant, to sustain his defense, read in evidence a lease in fee of the premises from Stephen Van Rensselaer to Isaac Morey, dated February 23, 1793, with covenants and condi- tions for the payment of rent, and re-entry, but he gave no evidence that the title to the premises was in Van Rens- selaer, or in Morey, independent of the allegations contained in a judgment record offered in evidence, in which Samuel E. Lyon was plaintiff and the present defendant, Nelson Evans, was defendant. The record alleged title originally in Van Rensselaer ; .the execution of the lease in fee ; the transmis- sion of the right, title and interest of Van Rensselaer to Lyon, and the right, title and interest of Morey, to the defendant ; default in the payment of rent, on the 18th of January, 1862 ; the commencement of an action of ejectment, April, 1862, by Lyon against Evans, to recover possession of said premises, for default in the payment of said rent ; and the recovery of judgment by the plaintiff in said action, therein, in June, 1862. The defendant further proved a writ of possession issued thereon, by virtue of which Evans was removed and Lyons put into possession ; a conveyance of said premises, in the ordinary form, by Lyon to said Darius Allen, on the 3d day of October, 1862 ; a lease of the premises by Allen to the de- fendant's wife, thereafter, under which the defendant was in possession at the time of the commencement of this action. The plaintiff duly objected to the introduction in evidence of the judgment record, on the ground that he was not a party thereto, and that his mortgage was prior to the commence- ment of that action. The objection was overruled, and the defendant excepted. The plaintiff also objected, after the introduction of the evidence and the close of the testi- mony, that the judgment proved nothing against the plaintiff, and could not prejudice him, and showed no title to the premises in Lyon ; and insisted that he was entitled to judg- ment, and not the defendant ; but the court ruled otherwise,

and the plaintiff excepted. The court, trying the case without a jury, found for the defendant, and the plaintiff excepted. He also excepted specifically to the finding that Van Rensselaer executed a lease to Morey; that there was a re-entry for default in the payment of rent; and that the plaintiff was not entitled to judgment.

The plaintiff, also, in due season, objected to the evidence of the writ of possession, and the proceedings. thereunder, and to the deed from Lyon to Allen, and duly excepted to the decisions of the court overruling said objections. Judgment having been entered for the defendant, the plaintiff appealed to this court.

*Anson Bingham,* for the appellant.

*Miles Beach,* for the respondent.

*By the Court,* HOGEBOOM, J. This is an action of ejectment; and the question is whether the plaintiff had title and right of possession of the premises, at the time of the commencement of this action. The defendant was in possession, and had been, for some ten years before. In 1854 the defendant had title to the premises in dispute. This we may assume; for, in addition to its being distinctly proved, it is conceded by both parties. The plaintiff claims that it was a title in fee simple absolute. The defendant that it was a title under a lease or deed in fee, subject to a rent charge for the payment of an annual rent; and that this title was anterior in point of time, and superior in point of law, to that claimed on the part of the plaintiff. It is necessary to determine which title the proof supports. There is no proof—I mean no legitimate and sufficient proof—in the case, that I can discover, as to the original source of title. The plaintiff shows that in 1852 Elizabeth Tift conveyed to the defendant the premises in question. Whether she had any title to convey, does not distinctly appear. The defend-

ant then took possession, or at least was in possession in January, 1854, and at that date executed a mortgage of the premises in question to the plaintiff. As Elizabeth Tift's deed, and this mortgage, are both said to be in the *ordinary form,* and that they *conveyed the premises,* perhaps we are warranted in assuming that it was a conveyance *in fee,* and not of a leasehold character, nor subject to rent ; and that they *passed.* the title. This mortgage was foreclosed, by action, in 1862, and the defendant to the present suit, and his wife, and Darius Allen (under whom the defendant, or his wife, now claims,) and others were parties defendant in that action. The proceedings appear to have been regular, and resulted in a sale and conveyance of the premises, under said foreclosure, to the plaintiff, on the 9th of January, 1863.. The plaintiff thereby acquired title to the premises — at least as against the defendant, who, having been a party to the foreclosure suit, was not at liberty to dispute the same. The plaintiff further proved that in the intervening period between the execution and the foreclosure of his mortgage the defendant's legal title to the premises was transferred to his wife. But as she was also a party to the foreclosure suit, she was also estopped from disputing the plaintiff's title; and the defendant having been proved to be in possession of the premises, at the time of the commencement of this action, the plaintiff rested his case, having shown a clear right to recover.

The defense, as before stated, was founded on the idea of a better and superior title in the defendant and those under whom he claimed. If the defendant had continued in the undisturbed possession of the premises, he would not, I think, have been permitted to interpose such a defense. For, having executed a mortgage of the premises, to the plaintiff, which must be presumed. to cover all his then interest in the premises, and that mortgage having been foreclosed in an action to which he was a party, he could not set up any title in himself which would have been a defense to the foreclosure. (*Barber* v. *Harris,* 15 *Wend.* 615.) But as he was

actually dispossessed, under another proceeding, in 1862, in favor of Samuel E. Lyon, and subsequently came into possession again, under Darius Allen, Lyon's grantee, he probably had a right to set up an adverse title. This title is alleged to be an ownership of the premises by Stephen Van Rensselaer in 1793; a lease in fee thereof, at that date, by Van Rensselaer to Isaac Morey, at a specified rent, and with certain other covenants and conditions giving right of re-entry; a subsequent devolution of Van Rensselaer's title or interest in said premises, rents, covenants and conditions, to Samuel E. Lyon, and of Morey's title and interest in said premises to the defendant; an action of ejectment by Lyon against the present defendant, Evans, to recover the premises for a default in the payment of said rent; a recovery in said action; a writ of possession thereon, by which the defendant was removed from and Lyon put into possession; a deed from Lyon to Darius Allen, and a lease from Allen to the wife of the defendant, under which the defendant again went into possession, and was in possession at the time of the commencement of this action.

The difficulty in the defendant's case is, that these facts, or many of the most material of them, are not proved. Van Rensselaer's title, upon which the defense rests, is one of these facts which is not proved — at least against the plaintiff. It is proved, indeed, that the lease in fee was executed by Van Rensselaer to Morey, in 1793, but it is not proved, nor is it found as a fact in the case, *that Van Rensselaer had title or right to convey.* The judgment record which was introduced in the case, if we concede it to be either *prima facie* or conclusive evidence of these facts, as between Van Rensselaer or Lyon and the defendant, proved nothing (as to these facts) against the plaintiff. The plaintiff was a stranger to those proceedings, and judgments are conclusive only on parties and privies. See, as to the admissibility and effect of judgment records, the following cases: *Ainslie* v. *The Mayor of New York,* (1 *Barb.* 178;) *Clark* v. *Baird,*

White *v.* Evans.

(7 *id.* 69;) *Vail* v. *Vail,* (*Id.* 226;) *Mason's Ex'rs* v. *Alston,* (5 *Seld.* 28;) *Campbell* v. *Hall,* (16 *N. Y. Rep.* 575;) *Knauth* v. *Bassett,* (34 *Barb.* 31;) *Mills* v. *Van Voorhies,* (20 *N. Y. Rep.* 412.)

It is said the plaintiff (under the mortgage) derives title to the premises through the defendant, and is therefore bound by the proceedings against him. But he does not make title *through* the defendant in any such sense as to be bound by proceedings had against him without notice to himself. In one sense, both parties make title through the defendant; but neither is affected by any legal proceedings had without his privity or knowledge. It is said the plaintiff's deed, given in 1863, is *subsequent* to Lyon's title perfected in 1862, and must therefore yield to it. But the plaintiff's title, though consummated *in him* in 1863, relates back to the period when the mortgage was executed, in 1854, and takes effect from that time. The default in the payment of the rent, which was the foundation of Lyon's right in the ejectment suit brought by him, occurred on the 1st of January, 1862. Even if the plaintiff and Lyon both held in fact under the Van Rensselaer title, the defendant must fail in this case for want of the *requisite proof to support his title.* He offered a judgment record in evidence in the case of *Lyon* v. *Evans.* The plaintiff, in every suitable form, objected to its admissibility and its sufficiency as evidence against him, substantially upon the ground that he was not a party to it, nor affected by its contents—in effect, that the allegations in the pleadings and proofs, therein, that Van Rensselaer had title and a rent charge which was duly enforced against Evans, were not in themselves, merely from the fact of their being contained in the judgment record, evidence against him, in this suit. And this is an elementary principle. He was neither a party nor a privy thereto. It is said he could not be a proper party thereto. This may be. And what then? Why, that the defendant, if he found it necessary to prove certain facts alleged in that record, must prove them by origi-

nal and independent evidence. The record was therefore either improperly admitted as evidence, or pronounced to be sufficient evidence against the plaintiff. By itself, it proved nothing against the plaintiff, except the fact that somebody had obtained against the defendant a judgment in ejectment (by which the plaintiff was not bound) for the same premises now sought to be recovered by the plaintiff. As a link in the chain of title, if offered *simply* with that view, (which it was not,) it would have been well enough, if preceded by an offer to prove certain preliminary facts. But as evidence of facts showing a prior and superior title to that of the plaintiff, it was wholly inadmissible and insufficient. It should therefore have been rejected, unless accompanied by an offer to precede or accompany it with independent proof showing an ancient and superior title in Van Rensselaer. The only defense to the action which the defendant could successfully interpose—after the plaintiff had established his *prima facie* right to recover—was to show either, 1. That the title and estate which the defendant assumed to mortgage to the plaintiff were unfounded and invalid in point of fact; or, 2. If really the same title and estate which passed from Van Rensselaer to Morey, and through him to the defendant, they were overreached by the proceedings had in the ejectment suit of *Lyon* v. *Evans.* These defenses the defendant did not establish. The defendant's interest, mortgaged to the plaintiff, was either the same which the defendant acquired through Morey, or it was not. If it was not, then it could only be overreached by *proof of a better title.* If it was the same, then its *identity* must be proven, and its loss and extinguishment by the proceedings for re-entry. In other words, the defendant, in order to defeat the plaintiff, was bound to prove the Van Rensselaer title; that it was the true and valid title to the premises; and that by proper and legal modes of conveyance, or judicial proceedings, it had become vested in those under whom the defendant held possession of

the property. This was not done, and the plaintiff and not the defendant was therefore entitled to judgment.

The judgment must be reversed, and a new trial granted, with costs to abide the event.

MILLER, J. concurred.

INGALLS, J. dissented; being of opinion that the questions above discussed were not sufficiently raised, at the circuit, to enable the plaintiff to take advantage of them.

New trial granted.

[ALBANY GENERAL TERM, March 5, 1866. *Miller, Ingalls* and *Hogeboom,* Justices.]