Bennett *v.* Couchman.

[ALBANY GENERAL TERM, September 17, 1866. *Miller, Ingalls* and *Hogeboom*, Justices.

———•◦•———

BENNETT *vs.* COUCHMAN.

Where an ejectment suit was brought by the assignee of the lessor, against the assignee of the lessee, for the nonpayment of rent on a lease containing a covenant for re-entry, and a judgment was rendered therein in favor of the plaintiff, for the recovery of the possession of the premises; *Held* that such judgment was a bar to a recovery in an action brought by a party claiming through the purchaser at a foreclosure sale under a mortgage executed by the assignee of the lessee, subsequent to the date of the lease, but prior to the commencement of the ejectment suit; the judgment of foreclosure being entered after the ejectment suit was instituted, but previous to its termination.

*Held, also,* that the lessee was a privy to the lessor, and the defendant in the ejectment suit, (the assignee of the lessor,) was also a privy. That the grantee in the mortgage executed by such defendant took subject to the rights of the lessor; and that the sale of the premises under the foreclosure proceedings did not in any way affect or impair those rights, or give the plaintiff any title, as against the defendant.

*Held, further,* that the title which the plaintiff claimed, through and under the defendant in the ejectment suit, being perfected by the foreclosure proceed-

Bennett *v.* Couchman.

ings after the ejectment suit was commenced, the judgment in the latter suit, in connection with the title which the evidence established, under the lease, was conclusive against the plaintiff.

Irregularity in form does not render a judgment void. The irregularity can only be taken advantage of by the party on motion.

There is no objection to an admission by the defendant, in writing, of the facts alleged in the complaint, in order to save the necessity of proving those facts. And a judgment entered upon such written admission may be considered as a judgment entered by default, the answer having been withdrawn.

THIS action was originally commenced in a justice's court, for trespass, for wrongfully entering upon lands of the plaintiff, in the town of Conesville, in the county of Schoharie, and wrongfully taking and carrying away a quantity of hay. The answer set up title to the premises in William A. Bay, John W. Bay and William Bay, and claimed that the defendant entered under the direction and license of John W. Bay, William A. Bay and William Bay, or their agent. And the defendant having filed with the justice the requisite undertaking, the justice dismissed said action, on the ground that the title to land was in question by the pleadings, and the action was thereupon transferred to the Supreme Court.

The action came on to be tried at the circuit, held in the county of Schoharie, on the 18th day of April, 1864, before the Hon. CHARLES R. INGALLS, Judge, without a jury. On the trial, the plaintiff, to maintain the action on his part, gave the following evidence, viz : a deed from Allen Russell and wife to Peter R. Hallenbeck, dated the 6th of April, 1850, conveying the premises in question. Also a judgment roll in a foreclosure action between Ira Thorp, plaintiff, and Peter R. Hallenbeck and Catherine, his wife, defendants, which roll was filed 27th of September, 1862. That action was instituted to foreclose a mortgage, executed by Peter R. Hallenbeck and wife, to Ira Thorp, embracing the same premises. The premises were sold under the judgment, and a deed was executed by Norman W. Falk, the referee, to Josephine Thorp, on the 18th of April, 1862, subject to a mortgage on the premises to William Alger, upon which there was due one

thousand dollars and interest thereon from April 6th, 1861, and subject to the original lease of said premises from Samuel Stringer, and to the covenants, reservations and conditions therein, so far as the said premises or the grantee in said deed might be subject by reason of that conveyance.

Josephine Thorp was put into possession of the premises. She executed a full covenant deed of the same to Sally Alger, dated July 5th, 1862, recorded July 16th, 1862, in the clerk's office of Schoharie county. The plaintiff also put in evidence a deed of the same premises from Sally Alger to Hiram Bennett, (the plaintiff,) dated March 28, 1863. It was admitted that Hallenback went into possession of the premises under the deed of Russell, and remained until dispossessed by a writ of assistance.

Hiram Bennett was sworn as a witness for the plaintiff, and testified : " I am plaintiff; I took possession of the premises from Alger, and continued in possession till the defendant came there, 7th September, 1863 ; on that day the defendant came there and went to mowing ; I ordered him off ; I went up into the field to go to mowing and found him there with a lot of hands, and ordered the defendant out, and his hands off, but they refused to go, and continued mowing, and cut about ten tons of hay, and drew off most of it ; they drew off as much as three tons, and put the residue in the barn on the premises. The last time I was at the barn the hay had nearly disappeared ; the defendant locked up the barn and claimed the hay to the exclusion of my right ; the grass as it stood upon the meadow was worth from eight to ten dollars per ton ; the hay after it was cut was worth from twelve to fourteen dollars per ton in September, 1863, and is now worth fourteen dollars per ton ; I cut hay on the premises at the same time ; I had oats and peas in the barn at the same time, and had other personal property on the premises ; I kept the house locked ; I did not and do not live upon the premises."

George Wilsey was sworn as a witness for the plaintiff, and

testified : " I went into the lot in question with the defend-
ant. The plaintiff and his hands cut about eight or ten
tons of hay, and put it in the barn ; it would have been good
hay if cut in season ; as it was, it was worth five dollars per
ton." It was agreed between the parties, upon the trial, that
the hay cut and carried away was eight tons, and worth seven
dollars per ton, and that it was worth one third of the crop
to cut and cure it. The plaintiff rested.

The defendant put in evidence a judgment roll in an action
between William Bay and others, plaintiffs, against Peter
R. Hallenbeck, defendant, of which the following is a copy.

[Title of the cause.] " Whereas this action having been
brought against me, the above named defendant, Peter·R.
Hallenbeck, in the Supreme Court, about the 10th day of
March, 1859, by summons and complaint, by the above named
plaintiffs, which action was ejectment, for the recovery of a
certain piece of land situate in Conesville, Schoharie county,
and being known and described as lot No. 14, in Stringer's
tract, as described and referred to more particularly in the said
complaint, containing one hundred acres of land, and the said
action being to recover said land as forfeited by the non-pay-
ment of the annual rents as reserved in the following lease,
viz : That in the year 1799, Samuel Stringer, now deceased,
leased and granted in fee said land to one John Blair, his heirs
and assigns, on condition, as follows : That the said grantee,
his heirs and assigns, should yearly, and every year thereafter,
yield and pay, or cause to be paid, unto said Stringer, his
heirs, executors, administrators and assigns, fifteen dollars on
the first day of January, in each year thereafter ; and it was
also provided in said lease that if said rent should not be paid
as aforesaid, by said grantee, or his heirs or assigns, as afore-
said, to said grantor, or his heirs or assigns, that the said
grantor, or his heirs or assigns, should have the right to dis-
train, &c. ; and it was also provided that if default should be
made by the *non-payment* of said rent, or any part thereof,
then it should be lawful for said grantor, or his heirs or assigns,

Bennett *v.* Couchman.

to re-enter said land in the name of the whole, or any part thereof, to repossess and enjoy and have again as his former estate. *Now, whereas* many actions have been lately decided in the Court of Appeals, of this state, at the June term thereof in favor of the plaintiffs, and adverse to the defendants, on leases similar to the one upon which this action is brought, and the Supreme Court having repeatedly, as well as the Court of Appeals, decided adverse to the tenants, I, Peter R. Hallenbeck, the said defendant, do therefore, to save costs, hereby withdraw my answer to said complaint in said action, and consent that the said plaintiff take judgment for the relief demanded in said complaint. I, said defendant, do hereby admit that the said lease of land, from Samuel Stringer, to said John Blair, was duly executed, sealed and delivered to the said grantee on the 21st day of October, 1799, the day it bears date. Also admit that on the 6th of April, 1850, I became the assignee of said lease, and owner of all the estate and interest of said grantee to said premises aforesaid. I, said Peter R. Hallenbeck, also admit that the plaintiffs became seized of all the estate and interest in and to the rents reserved in said lease by Samuel Stringer, as owners, and all the estate of said grantor before the 19th day of March, 1850. I, defendant, also admit that notice was duly served upon me, requiring payment of the arrears of rent due on said premises, and that unless the arrears of rent was paid within fifteen days the plaintiffs would re-enter, which notice was served on me by plaintiff in writing more than fifteen days before the commencement of this action, according to the act passed 13th May, 1846. I also admit that I, as owner and assignee of the grantee of said lease, occupied said premises from 1850 to 1859, and since that time.

I also admit that nine years rent was due and unpaid to the plaintiffs at the commencement of this action, and I do hereby consent that the plaintiffs, or their attorneys, enter judgment against me for the recovery of the aforesaid premises, and damages for withholding same, to the amount of

$100 and costs, as claimed in the complaint, at any special term of the Supreme Court, or circuit, to be held in the county of Albany or Schoharie.

   (Signed,)   PETER R. HALLENBECK.

Dated July 18, 1863."

The roll was filed and judgment entered on the 3d day of August, 1863, in the clerk's office of Schoharie county. It was admitted by the plaintiffs' counsel that the premises described in the complaint in this action are the same which are described in the complaint contained in said judgment roll. The plaintiff's counsel objected to the introduction of said judgment roll upon the grounds :

1st. That the roll contained no summons or proof of service thereof upon the defendant therein.

2d. The judgment does not appear to have been rendered upon a verdict, nor upon an offer made pursuant to the Code.

3d. The roll shows that an answer was served for the defendant Hallenbeck, by W. H. McClellan, of Albany.

4th. It appears that the mortgage under which the foreclosure was made, was anterior to the commencement of the ejectment suit, and hence the admission or confession of Hallenbeck, contained in the judgment roll, is unavailing as against the plaintiff claiming under the mortgage. The questions were reserved.

The defendants gave in evidence the summons in the ejectment suit, with proof of service thereof upon the defendant Hallenbeck, 19th March, 1859. The plaintiff's counsel objected to its admission as evidence, which objection was overruled, and the plaintiff excepted.

The defendant then offered in evidence a lease from Samuel Stringer to John Blair, dated 21st October, 1799, of lot No. 14 of the premises in question. This was objected to by the plaintiff's counsel as immaterial, and showing no right in the defendant under this judgment. The lease was received as evidence, subject to the objection.

Allen Case was then sworn as a witness for the defendant,

Bennett *v.* Couchman.

and testified : " I was deputy of the sheriff of Schoharie county in 1863 ; I have and here produce an execution which was received by the sheriff, September 3d, 1863 ; under which process, possession of the premises was delivered to the defendant September 3d, 1862 ; the costs and damages $210.63, as to which the execution was returned *nulla bona ;* I put out Bennett from the premises and put the defendant in possession on the 3d of September, 1863." *Cross-examined.*— When I executed the process, I went upon the premises and drove off the stock that was thereon ; I did not move any hay that day, but a few days after I moved the hay, except that which was in the wagon house, in the highway ; Hallenbeck showed me the bounds of the farm ; I did not go into the house ; it was locked, and I do not know who had the key ; I did not inform Mr. Bennett that I had such writ when I went there the first time ; Peter Bennett was mowing ; Mr. Couchman was mowing on the 7th day of September, 1863."

L. Falk was sworn as a witness for the defendant, and testified : " I was the agent and attorney for the plaintiff in the ejectment suit ; the sheriff delivered up possession of the premises on the 3d September, 1863, to me as the agent and attorney of the plaintiff in the execution, and on the 7th of September, 1863, the defendant Couchman went on the premises and cut the hay under my directions, as the agent and attorney of the plaintiffs Bays." *Cross-examined.*—' " When the sheriff gave me possession he called us up on the 3d of September, 1863, and said, ' I now surrender up to you possession of the premises described in the judgment and writ of possession.' "

The plaintiff put in evidence the mortgage from Peter Hallenbeck and wife to Ira Thorp, dated the 1st of April, 1859, recorded 26th May, 1858 ; principal $428, payable one year from date.

The plaintiff put in evidence an order of confirmation of sale, directing a conveyance dated 27th May, 1863. Also an

order confirming sale of referee, entered at special term, in Schoharie county, September 1st, 1863.

The defendant's counsel objected to the judgment, &c. in foreclosure, on the grounds :

1st. That the record failed to show that public notice of sale had been given. 2d. That there was no affidavit of sale. 3d. That the roll failed to show the proceedings regular and valid. The testimony here closed, and the judge thereupon made his decision in writing, whereby he found and decided that the plaintiff was not entitled to recover any thing against the defendant, and that the complaint be dismissed with costs.

Judgment being entered accordingly, the plaintiff appealed.

*L. Tremain,* for the appellant.

*H. Smith,* for the respondent.

*By the Court,* MILLER, J. The main point which it is necessary to consider in this case is whether the judgment in the ejectment suit brought by the Bays against Hallenbeck was operative against Bennett, and precluded him from contesting the defendant's rights acquired by virtue of that judgment. It is claimed by the defendant that it was a bar to a recovery in this action, and that the foreclosure proceedings and judgment under which the plaintiff claimed, did not give the plaintiff any title, as against the defendant.

The mortgage, which was foreclosed, bore date some time prior to the commencement of the ejectment suit, but the judgment of foreclosure was entered after the ejectment suit was instituted, and previous to its termination. The ejectment suit was founded upon the non-payment of rent under a lease with a covenant authorizing a re-entry, which lease was executed long prior to the making of the mortgage. Under this lease, the defendant in the ejectment suit held the premises, and the mortgage was executed by him.

Bennett *v.* Couchman.

There was no special finding of facts and conclusions of law by the judge, in the present case, and no exception to any failure of the defendant to introduce evidence showing title in the plaintiffs in the ejectment suit and a default in the payment of rent, which authorized a re-entry independent of the judgment. As the judgment itself contained some evidence on the subject, and was not specifically objected to, on account of it not being of the highest character; and as the lease was introduced independent of the judgment; and inasmuch as the defects in these particulars were of a character which could be supplied; I think it must be assumed that the defendant made out title in the parties under whom he claimed to act, and for this reason we must consider the naked question whether the judgment in the ejectment suit, in connection with the facts proved, was a bar to the plaintiff's right to recover in this action.

I am inclined to think that under the state of facts presented, the plaintiff was not in a position to override the rights acquired by the defendant, by virtue of the judgment in the ejectment suit. The rule is well settled that a verdict or judgment in a former action upon the same matter directly in question, is evidence for or against privies in blood. (*Coan* v. *Osgood,* 15 *Barb.* 583. *White* v. *Evans,* 47 *id.* 179, *and authorities there cited.*)

The question then arises, in the case under consideration, whether the plaintiff in this action was a privy in the ejectment suit. The lesser "privity" denotes mutual or successive relationship to the same rights of property. And privies are distributed into several classes, according to the manner of this relationship. They are most generally classed into privies in estate, privies in law, and privies in blood. Privies in estate consist of *donor and donee, lessor and lessee,* and joint tenants. (1 *Greenl. Ev.* § 189.) In *Coan* v. *Osgood,* (15 *Barb.* 588,) Welles, P. J. after quoting from the above section in *Greenleaf's Evidence,* says: "In the instances

given by our author, of privies in estate, as indeed in other classes also, they *are between persons where one succeeds to the rights of another;* or, as is sometimes expressed, *in the post,* to another; except in the case of joint tenants, where each represents the interest of all; like coparceners, where all make but one heir." The learned judge quotes from *Burrill's Law Dictionary,* in which privity is defined as "a derivative kind of interest, founded upon, or growing out of, the contract of another, as that which subsists between an heir and his ancestor; between an executor and testator, and between a *lessor or lessee and his assignee.* The same author also defines "privy" to be "a person who has an interest in an estate created by another; a person having an interest derived from a contract or conveyance to which he is not himself a party. Thus an heir is privy to the conveyance of his ancestor, an executor to the contract of his testator, and an assignee of a lessor, to the contract of the original parties."

Under these general rules the lessee was a privy to the lessor. Hallenbeck, the defendant in the ejectment suit, the assignee of the lessor, was also a privy. The mortgage was also executed by Hallenbeck, and the mortgagee took subject to the rights of the lessor, and the sale of the premises was made under the foreclosure proceeding without in any way impairing or affecting those rights.

The plaintiff in this action held through and under the title of the plaintiffs in the ejectment suit. The interest which he obtained by the conveyance to him grew out of the contract of the lessor with the lessee, to which he was not a party, and the conveyance of the lessee's interest to the assignee, and he actually stood in the position of the assignee. The assignee would have been a privy beyond any question, and because the plaintiff held by purchase at a foreclosure sale the assignee's interest in the premises, it did not alter his position, or confer upon him any additional or stronger right or title. He thereby acquired no other or different or better right than that which the assignee assigned. He

in point of fact stood in his place, as his legal representative, by means of the foreclosure proceedings, which invested him with the legal title of his predecessor, and nothing more. He was, I think, a privy in estate, who succeeded to the rights of another—the mortgagor—by virtue of the sale, and as such had an interest founded upon and growing out of the original contract between the lessor and the lessee, or his assignee, which was affected by the judgment in the ejectment suit, the same as if he had been an original party to the same. The plaintiff in this action claimed through and under the party against whom the judgment in the ejectment suit was obtained. This title was perfected by the foreclosure proceedings after the ejectment suit was commenced, and hence I think the judgment, in connection with the title which the evidence established, under the lease, was conclusive against the plaintiff. (*Laws of* 1862, *p.* 977.)

We have been referred to several cases as authority to sustain the position urged by the plaintiff's counsel, but, after a careful examination, I am satisfied that none of them are adverse to the views which I have already expressed. In *Campbell* v. *Hall*, (16 *N. Y. Rep.* 575,) it was held that a mortgagee of land is not estopped by a judgment, in the action, or the award of arbitrators, between his mortgagor and a prior mortgagee, rendered after the execution of the second mortgage, but may litigate the amount due upon the prior mortgage, notwithstanding such judgment or award. In the case cited, which was an action to foreclose a mortgage, the holder of the second mortgage was not a party to the former suit, and occupying the relation simply as a junior incumbrancer, there was no such privity with him as could cut off his rights, without notice. It was entirely different from the case of a lessor and lessee, or the assignee of a lessee, to the contract between the original parties, and not within the rule laid down in the authorities to which I have adverted.

In *White* v. *Evans*, (47 *Barb.* 179,) distinct objections were taken to the findings of fact in regard to the plaintiff's

title ; and I understand the decision was put upon the ground that many of the most material facts to show the defendant's title were not proved. This is an essential and vital difference which distinguishes the two cases, and renders the case cited no authority for the position taken by the counsel for the plaintiff.

In *Tanner* v. *Smith*, a manuscript decision in the third judicial district, it appeared that the suit the record of which was introduced in evidence, was commenced long after the suit on trial, and after the defendant in the latter *had left the premises.* The defendant was not a party in that suit, and it was commenced and tried after his rights had accrued, and he therefore never took or held subject to that judgment. It will be perceived that the case differs materially from one where the rights of the party who has been prosecuted have been transferred by assignment, or the due course of a legal sale.

The objections made to the entry of the judgment are not, I think, well founded. Although the form of the judgment is somewhat peculiar, yet I think it may be considered as a judgment entered by default, the answer having been withdrawn. Nor do I see any objection to an admission by the defendant, in writing, of the facts alleged in the complaint, that saving the necessity of proving those facts. The most that can be urged against the judgment is that it was irregular. This could only be taken advantage of by the party on motion. Clearly it was not void.

As no error exists in the proceedings had upon the trial, a new trial must be denied, and the judgment affirmed, with costs.

[ALBANY GENERAL TERM, September 17, 1866. *Miller*, *Ingalls* and *Hogeboom*, Justices.]