CHARLES C. SHERMAN, Respondent, *v.* RUTH WILLETT, Executrix of the last will and testament of CORNELIUS WILLETT, deceased, Appellant.

A mortgagor, who was in default, sowed a field on the mortgaged premises with rye. He died, and letters of administration issued to the mortgagee, who sold the growing crop to the plaintiff, at a public administrator's sale. Before it was taken off, the mortgage was foreclosed, by advertisement, and, at the sale, the auctioneer announced that the rye having been sold, was reserved. The defendant's testator, who was present at both sales, claimed the crop under a deed from the purchaser on the foreclosure. The notice and affidavits of foreclosure contained no exception.—*Held*, that the plaintiff was entitled to the crop.

*Held*, further (SUTHERLAND, J., *contra*), that title would have passed to the purchaser on the foreclosure sale, if the crop had not been expressly excepted.

The affidavits of foreclosure are only presumptive evidence of the facts, and any person, unless it be the mortgagee or those claiming under him, may controvert them by parol evidence.

(Argued January 5th, 1870; decided March 17th, 1870.)

APPEAL from a judgment entered upon the decision of a General Term of the Supreme Court in the fourth district, affirming a judgment in favor of the plaintiff.

This action was brought to recover the value of a crop of winter rye, upon an alleged conversion thereof by the defendant's testator, Cornelius Willett, and was tried before Mr. Justice BOCKES, and a jury, at the Washington County Circuit, January, 1866, resulting in a verdict for the plaintiff.

Since the entry of judgment, Cornelius Willett has died, and the present defendant has been brought in as his executrix.

Upon the trial, it appeared that one Elmer Willett owned the farm upon which the crop was grown, at the time it was put in, and died before it was harvested. He had given a mortgage of the farm to Zina Cornell, and was in default thereon, when he sowed this crop. After his death, letters of administration upon his estate were issued to his widow and Cornell, and the latter, as administrator, sold the growing crop, on a public administrator's sale, to the plaintiff.

Cornell subsequently, but before the rye was gathered, foreclosed his mortgage by advertisement, and the premises were sold to Perry K. Willett, who conveyed the same to Cornelius Willett, the defendant's testator. Upon the foreclosure sale, the auctioneer made public announcement that the rye had been sold and was reserved. The defendant's testator was present at both sales. No exception or reservation appeared in the notices or affidavits of foreclosure.

The defendant's testator went into possession of the premises, forbade the cutting of the rye by the plaintiff, and himself harvested and kept it, which was the conversion alleged.

Afterward the administrator gave a written transfer or assignment to the plaintiff, of all claims and right of action against defendant's testator for the alleged conversion, for the better confirming the plaintiff's title, and this action was commenced.

The judge, on the trial, decided that title to the property was shown to be in the plaintiff, and submitted to the jury the question of value, which the jury found at $200.

The original defendant duly excepted to the decision of the judge, and appealed to the General Term from the judg-

ment entered upon the verdict, where the judgment was affirmed.

From the judgment entered upon the decision of the General Term this appeal was taken.

*Job G. Sherman*, for the appellant, insisted that the administrator could sell only when necessary to pay debts, citing, *Bradner* v. *Faulkner* (34 N. Y., 347); Dayton on Sur., 279; 3 R. S., 172, § 27, 5th ed. As administrator he deals with personalty only, while a growing crop descends with the land, *West* v. *Morse* (8 East, 339), and is bound by the mortgage, passing by foreclosure to the purchaser as against the mortgagor. (*Gillett* v. *Balcom*, 6 Barb., 370; *Shepherd.* v. *Philbrick*, 2 Den., 174; *Jewett* v. *Keenholts*, 16 Barb., 193; *Simers* v. *Saltus*, 3 Den., 214; Willard on Real Est., 90; *Aldrich* v. *Reynolds*, 1 Barb. Ch., 613; *Gardner* v. *Finley*, 19 Barb., 317.) The title acquired by mortgage foreclosure is absolute (*Smith* v. *Gardner*, 42 Barb., 366; *Packer* v. *Roch. & Sy. R. R. Co.*, 17 N. Y., 287), covering all that was in the mortgagor before the mortgage was given (*Butler* v. *Viele*, 44 Barb., 166), and he who hath title paramount hath the emblements. (*Lane* v. *King*, 8 Wend., 586.) Neither the administrator nor the mortgagee may do any act to lessen the value of the inheritance. (*Bogert* v. *Furman*, 10 Paige, 496; *Morse* v. *Murgatroyd*, 1 John. Ch., 119; *Cox* v. *McBurney*, 2 Sandf. S. C., 561.) A mortgagee acquires no title except through a sale, and the pretended reservation was announced before sale (*Merritt* v. *Bartholick*, 36 N. Y., 44; *Sy. City Bank* v. *Tallman*, 31 Barb., 201; *Bryan* v. *Butts*, 27 Barb., 503; *Kentwright* v. *Cary*, 21 N. Y., 343); and a release must be of equal solemnity with the instrument creating the lien. (2 Washburn on Real Prop., 96, 113; *Headley* v. *Gourdray*, 41 Barb., 282.)

Exercise of power of sale is matter of contract, and the power is part of the security. (4 Kent Com., 147; *Doolittle* v. *Lewis*, 7 John. Ch., 48; Lalor on Real Est., 236, § 146; Willard on Real Est., 110.) Mortgagee can sell in parcels

only when land is so described, and the statute being in derogation of the common law, must be strictly pursued. (*Jackson* v. *Watson*, 7 Wend., 148; *Aiken* v. *Kiernan*, 2 Wend., 249; *Bloom* v. *Burdick*, 1 Hill., 130; *Lawrence* v. *Murdin*, 8 Barb., 9; *Hubbell* v. *Welden*, Lalor's Supp. to H. & D., 139; 7 Cow., 88; 6 Wheat., 119; 4 id., 77.)

The printed terms of sale could not be varied by the auctioneer after bidding began. (Dart. V. & P., 49, 50, note; *Jewett* v. *Miller*, 10 N. Y., 407; *Livingston* v. *Byrne*, 11 John., 564; Chitty on Cont., 108, note *n*; 2 Stark Ev., 551 and note; *Wright's Lessee* v. *Deklyne*, 1 Pet., 204; 1 Phil. Ev., 548.) The affidavits of foreclosure supply the place of a deed, and cannot be contradicted or limited by parol. (*Arnot* v. *McClure*, 4 Den., 41; *Isham* v. *Morgan*, 9 Cow., 374; *Suydam* v. *Jones*, 10 Wend., 180; *Stevens* v. *Cooper*, 1 John. Ch., 429; *Champion* v. *Storrs*, 5 Cow., 509; *Jackson* v. *Cary*, 12 John., 427; *Child* v. *Wells*, 13 Pick., 121; *Austin* v. *Sawyer*, 9 Cow., 39; *Bishop* v. *Bishop*, 1 Kern., 126; *Lyman* v. *Wright*, 20 Barb., 559; *Bryan* v. *Butts*, 27 Barb., 503; *Cohoes Co.* v. *Goss*, 13 Barb., 137; *Brewster* v. *Power*, 10 Paige, 568.) The plaintiff being purchaser of the administrator, who represents the mortgagor, is estopped from claiming title as against the mortgage. (2 Coke's Litt., 467.)

*William A. Beach*, for the respondent, insisted that the annual, severable product of land could be sold, as personal property, without writing (*Frank* v. *Harrington*, 36 Barb., 415), and passing to the administrator as personalty, could not be sold by him, as mortgagee, as realty. He had power, as mortgagee, to exempt any portion of the property from his lien. The crop was not sold on the foreclosure, and the purchaser on that sale did not buy it. The mortgagee having sold it to plaintiff, was estopped, and so was the purchaser under the mortgage, especially as he had knowledge of the prior sale. (*Mott* v. *Palmer*, 1 N. Y., 564.) The affidavits are but presumptive evidence, and liable to correction by parol. (*Jewell* v. *Harrington*, 19 Wend., 471;

*Whitbeck* v. *Whitbeck*, 9 Cow., 266 ; *Overseers* v. *Overseers*, 10 John., 229.)

EARL, Ch. J.   The crop of rye was personal property, and as such passed to the personal representatives of Elmer Willett as assets, to be applied and distributed as part of his personal estate.   (2 R. S., 82, § 6 ; *Bradner* v. *Faulkner*, 34 N. Y., 347.)   The administrators had the right to sell it. They have always had the right to sell the personal property of their intestate, and that right is not limited by section 25, 2 R. S., 87.   They have the right to sell for the payment of debts and legacies, and also for the purpose of distribution. (Willard on Executors, 268.)   But if it be true, as claimed by the counsel for the appellants, that they have the right only to sell personal estate so far as may be necessary for the payment of debts and legacies, they are not required to get an order of the surrogate authorizing the sale ; and when they sell, certainly, in the absence of any proof to the contrary, it will be presumed, in favor of a faithful discharge of their official duty, that they acted legally, and that the exigencies existed authorizing the sale.   Hence there is no room for doubt, that the sale of the crop of rye to the plaintiff on the 21st day of October, 1863, by the administrators, was a valid and legal sale.

The plaintiff, by this sale, took his title to the rye subject to the contingency that it might be wiped out by a foreclosure of the mortgage given by the intestate upon the land before the c·jp of rye was sown.   (*Shepard* v. *Philbrick*, 2 Denio, 174 ; *Simers* v. *Saltus*, 3 Denio, 214 ; *Lane* v. *King*, 8 Wend., 584.)   If nothing had been done before the mortgage foreclosure or at the mortgage sale affecting the title to the rye, it would have passed to the purchaser under the foreclosure sale.   Was the plaintiff's title, then, under the facts as they exist in this case, cut off by the foreclosure sale ?

While a mortgagee is not *bound* to sell the mortgaged premises in parcels unless they are in the mortgage described in parcels (*Lamerson* v. *Marvin*, 8 Barb., 9 ; *Griswold* v. *Fow-*

*ler*, 24 Barb., 135), yet I have no doubt he *may* do so where the premises are so situated that he can sell in parcels; and in such a case, when he has sold land enough to satisfy his mortgage, he need sell no more; and in such a case, if any one can complain of a sale by parcels, and seek to avoid the foreclosure, it certainly cannot be a purchaser, but must be some one at the time interested in the equity of redemption. When it is admitted that a mortgagee can release a portion of the premises and sell the remainder, although they are described as a whole in the mortgage, I do not see why he may not sell the same portion before releasing any. In this case, the mortgage was a lien upon the whole premises, including the rye, and at the time of sale, the mortgagee announced that he would not sell the rye, but would sell the balance. The purchaser knew this, and bid with this understanding. The rye was not sold. The purchaser did not buy it. How can he claim it? If the sale was void because not regularly made, and because the entire premises were not sold, then certainly the defendant has no standing upon which he can base any claim to the rye. Hence, if I am right so far, the plaintiff's title to the rye is good. But I go further and hold that this title is good also upon the doctrine of estoppel. Zina Cornell, the administrator, was also the mortgagee. He sold this rye to the plaintiff, professing to give him a good title free from the lien of his mortgage. He induced him to buy and pay for the rye. After making this sale, he was estopped both as mortgagee and as representing the intestate, the mortgagor, from setting up any title or claim against his own sale. The defendant holds under the mortgagor and mortgagee, and he has no greater title than they could give him; and when his grantor purchased at the foreclosure sale he was also present, and they both knew of the facts constituting the estoppel and bid recognizing the rights of the plaintiff. Hence he is equally bound by the estoppel.

It is true that the affidavits of foreclosure, as filed, show a sale of the entire premises without any reservation; but these affidavits are not conclusive upon the plaintiff, who was not

a party to the foreclosure. They are by statute only made presumptive evidence of the facts contained in them. Any person, unless it be the mortgagee, and those claiming under him, can controvert them by parol evidence. (*Arnot* v. *McClure*, 4 Denio, 41.) In the case cited, Judge BRONSON says : " As the affidavits are an *ex parte* proceeding, and are only made presumptive evidence of the facts therein contained, there can be no doubt that they may be controverted by the mortgagor and those claiming under him. All, or any of the facts stated in the affidavits may be disproved."

The judgment should be affirmed.*

SUTHERLAND, J. The plaintiff's right to recover, and our affirmance of the judgment, if affirmed, must rest on the title or ownership, which the plaintiff acquired by or under the vendue sale to him, by the administrator.

I do not see that the circumstance, that the administrator was also the mortgagee, at the time of this sale, could either strengthen or weaken the title or rights which the plaintiff acquired, by, or under it. This circumstance certainly would not weaken or impair the title which the plaintiff got by the sale to him by the administrator as such ; nor do I see that it could strengthen such title, for the administrator had no right then to sell the rye as mortgagee. He had no right to sell it as mortgagee, otherwise than by a foreclosure sale under his mortgage, before the rye should be harvested. The foreclosure proceeding was not commenced until after the administrators' vendue sale to the plaintiff.

The evidence leaves no room for doubt, that the rye was reserved from the foreclosure sale, but I do not see that it is material in this case whether it was, or was not. If the plaintiff acquired title to the rye, under the administrator's vendue sale, the purchaser of the farm, on the foreclosure sale, could not have acquired title to the rye, as against the

* As to the obligation to sell in parcels by mortgagee, see *Ellsworth* v. *Lockwood* (*ante*).—REP.

plaintiff, by that sale, had the rye been expressly sold with the farm; and if the plaintiff did not acquire title to the rye under or by the administrator's vendue sale, he could not recover the value of the rye in this action, though the original defendant had no right or title to the rye.

The question is, then, whether the plaintiff acquired title to the rye by or under the administrator's vendue sale? I cannot see how it can be doubted that he did.

The Revised Statutes, in declaring what property shall be deemed assets and go to the executors or administrators, to be applied and distributed as personal estate of the testator or intestate, include " crops growing on the lands of the deceased at the time of his death." (2 R. S., 82, 83, § 6, subdivision, 5.)

The Revised Statutes provide further, that the executor or administrator shall sell the personal property of the deceased, for the payment of debts and legacies, if necessary; and further, that in making such sales " such articles as are not necessary for the support of the family of the deceased, or as are not specifically bequeathed, shall be first sold," &c. (2 R. S., 87, §§ 25, 26.)

These provisions, in effect, vest what the statute declares shall be deemed assets of the deceased in his executor or administrator, for administration, that is, for the purpose of paying debts and legacies, and for distribution, with power of sale for the payment of debts and legacies, if a sale shall be necessary for that purpose.

Now, the point of the defendant's counsel is, that to make title to the rye in question by the administrator's vendue sale, it was necessary for the plaintiff to show, that the sale was necessary for the payment of debts; that there were debts of the deceased requiring and justifying the sale.

I think it would have been difficult for the counsel to have taken or stated a point more clearly erroneous.

The sale being apparently in due course of administration, it is clear, that the plaintiff had a right to assume that it was authorized, and that it was in due course of administration.

To say, that the plaintiff could not prudently bid or buy at the vendue sale, without first looking at the inventory to see whether the deceased had left debts, or without making inquiry as to the necessity of selling for the payment of debts, &c., would be announcing a most extraordinary and unrea sonable doctrine.

Had the defendant offered to show on the trial, that the deceased left no debts, for the purpose of showing that the administrator's sale was not necessary or authorized, the evidence should have been, and we must presume would have been excluded.

The defendant made no such offer, nor did the plaintiff show, or offer to show, that there were debts or any necessity for the sale.

The presumption is that the sale was regular and authorized by the statute, and made in due course of administration.

Defendant's counsel has evidently been misled by the case of *Bradner* v. *Faulkner* (34 N. Y., 347).

There was nothing decided in that case, or said in the opinion of Judge Peckham, at all conflicting with what has been said in this case.

The action in that case was by the devisee of a farm of land against the executor. The defendant had taken a portion of the crop of wheat growing on the farm when the testator died and converted it to his own use. Of course, as between him and the devisee, he was bound to account to the devisee for so much of the crop of wheat as he had taken and converted to his own use. As executor he had no right, as against the devisee, to sell the growing wheat and pocket the proceeds, or otherwise convert it to his own use. And this is all the case decides.

There is not an intimation in the opinion that, had the executor, apparently in due course of administration, sold the growing wheat to a *bona fide* purchaser for value, the purchaser would not have had title as against both the devisee and the executor.

The judgment should be affirmed with costs.

SMITH, HUNT and FOSTER, JJ., concurred with EARL, Ch. J., as to the effect of the two sales.

LOTT, J., also thought the purchaser's right under the foreclosure would have been superior to that of the plaintiff, if the crop had not been expressly excepted, and that, under the peculiar circumstances of the case, the exception prevented acquisition of title by him.

All concurred for affirmance, except INGALLS, J., who did not vote.

Judgment affirmed.