## Mowry and others *vs.* Sanborn.

Where a mortgage, foreclosed under the statute, by its terms, was not to be a security for over $3000 " at any one time," but in the notice of sale of the land $4845.35 was claimed to be due at the first publication of such notice; *Held* that the foreclosure proceedings were not rendered void by the claiming of a larger sum as due, in the notice, than was or could have been due, on the mortgage.

The statute authorizes the foreclosure by advertisement, of any mortgage that contains a power of sale, upon default being made in any condition of such mortgage.

Hence, whether the amount which the mortgagor is liable to pay, by the mortgage, can be ascertained by computation, or not, is immaterial. If too much is claimed to be due, by the notice, or if nothing is due on the mortgage, the mortgagor has a remedy.

A mortgage given to secure the payment of commercial paper of the mortgagor, then held or owned by the mortgagee, and of any notes, drafts &c. of the mortgagor which shall thereafter be discounted, held or owned by the mortgagee; but containing a provision that it shall "not be security for over $3000 at any one time," and shall not extend to any paper received or discounted after three years from the date of the mortgage, can be foreclosed by advertisement under the statute.

A foreclosure and sale are not void because the affidavit of service of notices on the mortgagors, by mail, was on information and belief, only, as to their place of residence; where it is not proved that the mortgagors failed to receive such notices, or that they did not reside at the place mentioned in the affidavit, at the time they were mailed and directed to them at that place.

So an error in the date of the year, in the copy of the notice of sale delivered to the county clerk, will not vitiate the proceedings and sale, where the error may be corrected from entries made by the clerk, at the time. Or it should be disregarded, in furtherance of justice, or held immaterial, by the judge at the trial.

Affidavits of foreclosure are only presumptive evidence of the facts, and any person, unless it be the mortgagee, or those claiming under him, may controvert them by parol evidence.

A purchaser at the sale may, in an action of ejectment, be permitted on the trial, to prove positively by witnesses, or by a new affidavit, that the mortgagors resided at the place to which the notice of sale was directed to them, when it was so directed.

The case of *Van Slyke* v. *Shelden,* (9 *Barb.* 278,) distinguished from the present.

THIS action was brought to recover the possession of a piece of land situated in the village of Sandy Hill, in the county of Washington. It was tried at the Washing-

ton county circuit, held at Sandy Hill, in November 1870. The jury rendered a verdict in favor of the plaintiffs, for the recovery of the possession of the land in dispute; on which verdict judgment was entered in favor of the plaintiffs against the defendant, with costs. The defendant appealed from the judgment to the general term of this court.

The case was submitted on printed briefs.

*Paris & Terry*, for the plaintiffs.

*Hughes & Northrup*, for the defendant.

*By the Court*, BALCOM, J. The plaintiffs claimed to have the title in fee to the land in dispute, at the time they commenced the action. They gave in evidence, on the trial, a deed of the land from George Bradley to the defendant, dated the 1st day of May, 1852, recorded in the Washington county clerk's office, in the same month and year of its date. Also a bond from the defendant to Leroy Mowry, president of the Washington County Bank, an association established by virtue of an act entitled "An act to authorize the business of banking," passed April 18, 1838, dated the 7th day of July, 1857; also a mortgage bearing the same date of the bond, from the defendant and his wife to said Mowry, president, &c., as stated in the bond; which mortgage was duly acknowledged and recorded in the Washington county clerk's office. The penalty of the bond was $6000, and its condition was "that if the above bounden Jesse K. Sanborn, (the defendant,) his heirs, executors and administrators, or any of them, shall and do well and truly pay, or cause to be paid unto the above mentioned Leroy Mowry, president of the Washington County Bank, or to his certain attorney, successor or assigns, the notes, drafts or other commercial paper of the said Jesse K. Sanborn, or

on which his name appears as maker, drawer or indorser, now held and owned by said Washington County Bank, and shall also pay any notes, drafts or other commercial paper of said Sanborn, or on which his name shall appear as maker, drawer or indorser, which shall be hereafter discounted, held or owned by said Washington County Bank. But this bond is not to be security for over three thousand dollars at any one time, and is not to extend to any paper received or discounted after three years from the date of this bond, without any fraud or other delay, then this obligation to be void, otherwise to remain in full force and virtue." In the *penalty* of the bond the defendant bound himself to pay the $6000 to Leroy Mowry, president of the Washington County Bank, or to his certain attorney, successor, successors or assigns." The condition in the mortgage was the same as that in the bond; and the bond was referred to in the mortgage. The mortgage contained a covenant by the defendant to pay the notes, drafts and other commercial paper, and that in case of non-payment of the interest, or any part thereof, at the time or times limited for the payment thereof, or within three days thereafter, then all the moneys thereby secured which remained unpaid, should, at the election of the party of the second part, his successor, successors and assigns, become forthwith due and payable. "And in case of the non-payment of said notes, drafts or other commercial paper as above provided, or any part thereof, at the times limited," &c., "the party of the second part, his successor or successors, or assigns," are empowered to sell the land. In other words, the mortgage contained the usual power to sell, generally inserted in mortgages on real estate.

The Washington County National Bank of Greenwich, as assignee, foreclosed the mortgage by advertisement. The notice that the mortgage would be foreclosed by a sale of the land was dated April 23, 1868. It recited that the Washington County National Bank of Greenwich had

succeeded, under and by virtue of the laws of this State and an act of congress, the Washington County Bank, and to the ownership of the mortgage. The amount claimed to be due on the mortgage, at the first publication of the notice, as stated in such notice, was $4845.35. The time for the sale of the land, stated in the notice, was the 18th day of July next after the date of the notice. On that day the Washington County National Bank of Greenwich purchased the land, and that corporation conveyed the same to the plaintiffs, by a deed, dated the 19th day of December, 1870.

The defendant's counsel insisted, on the trial, that such errors, irregularities and omissions occurred in the fore-closure of the mortgage that the Washington County National Bank did not acquire any title to the land, and that the plaintiffs should be nonsuited on the ground that their evidence did not show that they had title in fee to the land; and that the defendant was entitled to hold possession of the land. The judge directed the jury to find a verdict in favor of the plaintiffs. The defendant's counsel took exceptions sufficient to raise all the questions considered in this opinion.

The mortgage, by its terms, was not to be a security for over $3000, "at any one time." But $4845.35 was claimed, in the notice of the sale of the land, to be due at the first publication of such notice. The defendant's counsel in-sisted, at the trial, and yet insist, that the over claim in the notice of the sale, as to the amount due upon the mortgage, vitiated the foreclosure proceedings. The stat-ute is, that the notice shall specify, in such a case, "the amount claimed to be due" on the mortgage, "at the time of the first publication of such notice." (2 *R. S.* 546, § 4, *subd.* 3.) Bronson, J., in delivering the opinion of the court in *Klock* v. *Cronkhite*, (1 *Hill*, 107,) said: "When there is a foreclosure under the statute, the notice must specify, among other things, the amount claimed to be

Mowry *v.* Sanborn.

due on the mortgage at the time of the first publication. (2 *R. S.* 546, § 4.) But the statute imposes no penalty for claiming more than is really due; and if such a claim could, under any circumstances, affect the validity of the sale, it certainly could not, in a case like this, where, if the plaintiff has in fact demanded too much, it has not resulted from a fraudulent purpose, but from a mistake concerning his legal rights."

The defendant's counsel insisted, at the trial, that the claiming of too much, by $1845.35, in the notice of sale in this case, was a fraud upon the mortgagors, and rendered the foreclosure void. But no fraud was proved, and the excess in the notice, over the amount of the mortgage, may have been inserted therein by a mistake as to the legal rights of the owner of the mortgage; and because the mortgagor was in fact owing the full amount of money, claimed in the notice, on notes, drafts and other commercial paper held by the owner of the mortgage.

If the mortgagor, who is the defendant herein, had tendered the amount, for which the mortgage was a security, or the sum actually due thereon, with the costs of the foreclosure proceedings, at any time before the sale, he could have had the sale restrained by injunction, if the tender had been refused. And I am of the opinion the foreclosure proceedings were not void in consequence of more being claimed in the notice of the sale than was due or could have been due on the mortgage.

The defendant's counsel objected to the plaintiffs having a verdict, on the ground that the mortgage was given to secure unliquidated demands, and could not be foreclosed by advertisement.

The judge properly overruled this objection. The sum secured by the mortgage was not made up of unliquidated demands, for the reason that the amount due thereon could have been ascertained by computation. But the statute authorizes the foreclosure of any mortgage by advertise-

ment, that contains a power of sale, " upon default being made in any condition of such mortgage." (2 *R. S.* 545, § 1.) And whether the amount the mortgagor was liable to pay by the mortgage could have been ascertained by computation was immaterial. If too much was claimed to be due by the notice, or if nothing was due on the mortgage, the mortgagor had a remedy. But he did not offer to prove, on the trial of this action, that nothing was due on the mortgage when it was foreclosed, or that $3000 was not then due thereon.

The decision in *Jackson* v. *Turner*, (7 *Wend.* 458,) is an authority, so far as it goes, that the mortgage in question could be foreclosed by advertisement.

The defendant's counsel objected, on the trial, that the affidavit of service by mail, of the notice of sale, on the mortgagors, was insufficient, for the reason that it was, that at the time the affiant made the service, " each of the said persons resided, *as this deponent is informed and believes,* at the respective places to which their said notices were so addressed." The notices were directed to the mortgagors at "Sandy Hill, Washington Co., N. Y." And the affidavit was positive in all respects, except as to the residences of the mortgagors being at Sandy Hill when the notices were mailed, and the postage paid thereon, directed to them at that place.

It was not proved, on the trial, that the mortgagors failed to receive such notices, or that they did not reside at Sandy Hill at the time they were mailed and directed to them at that place. And I am of the opinion that the foreclosure and sale were not void because the affidavit of the service of the notice on the mortgagors was on information and belief only, as to their place of residence.

The date of the year, in the copy of the notice of sale, delivered to the clerk of Washington county, was 1858 instead of 1868, as it should have been. But that copy was correct in every other respect. It was received by

the clerk on the 24th day of April, 1868; and he imme-
diately affixed it in a book prepared and kept by him for
that purpose; and he also then and there entered in such
book, at the bottom of such notice, the time he received
and affixed the same, and then subscribed such entry, and
indexed it to the names of the mortgagors named in it.
His affidavit, made at the proper time, was that the date
of the year, in the notice, was 1868; so there was no error
in the date of the notice according to such affidavit.

The defendant had the right to show the error in the
clerk's affidavit, or to prove that he and his wife did not
reside at Sandy Hill when the notice of the sale was di-
rected to them at that place. The affidavits of foreclosure
are only presumptive evidence of the fact, and any person,
unless it be the mortgagee, or those claiming under him,
may controvert them by parol evidence. (*Sherman* v.
*Willett*, 42 *N. Y.* 146.)

And I am of the opinion that the plaintiffs might have
been permitted, on the trial, to prove positively, by wit-
nesses, or by a new affidavit, that the mortgagors resided
at Sandy Hill when the notice of sale was directed to them
at that place. The general term of this court, in the 6th
district, held, about eighteen years ago, in *Davis* v. *Davis*,
(*MS.*,) that the defendant, in an action of ejectment for
land claimed by him, under a sale upon the foreclosure of
a mortgage by advertisement, might present on the trial
and give in evidence a new affidavit made at the trial, to
supply the place of the affidavit of the circumstances of
the sale, made many years previous to the trial, before an
officer who did not then have authority to take an affidavit
in such a case. And on that new affidavit the defendant
succeeded at the trial, and the judgment in his favor was
affirmed at the general term.

I think the plaintiffs could have maintained an action
for the correction of the mistake and erroneous date in
the copy of the notice of the sale that was delivered to the

---

Mowry *v.* Sanborn.

---

county clerk of Washington county, and by him entered in the proper book in his office. (*See Root* v. *Wheeler*, 12 *Abb.* 294.)

And I am of the opinion that the entries made by the clerk in the book, with the copy of the notice of the sale, showed that the date of the year 1858 in such copy was erroneous, and that it should have been 1868. The error or mistake in the year could not have misled any one. And I think it was one of those errors or mistakes that should be disregarded, in furtherance of justice; and that the judge, at the trial, properly held it was immaterial.

I will add that the statutes respecting the foreclosure of mortgages by advertisement may be found in 3 *R. S.* 859 *to* 862, *5th ed.*

The case of *Van Slyke* v. *Shelden*, (9 *Barb.* 278,) differs from this. In that case no notice whatever of the sale was served on the mortgagor, and it was there held that the sale of the mortgaged premises was void. In this case the notice of the sale was served by mail on the mortgagors; which fact was sworn to positively; and the only fact stated in the affidavit, on information and belief, was as to the place of their residence.

The defendant is one of the mortgagors, and he did not offer to prove that his place of residence, or that of his wife, was not correctly stated in the affidavit, as he might have proved, if they, or either of them, had resided at a different place.

I have considered all the questions raised by the defendant's counsel on the trial, and as I have not found that any error was committed there by the judge, to the prejudice of the defendant, I think the judgment against him in the action should be affirmed, with costs.

[THIRD DEPARTMENT, GENERAL TERM, at Elmira, May 7, 1872. *Miller*, P. J., and *P. Potter* and *Balcom*, Justices.]