Mayham, J.
The appellant insists that the foreclosure of the mortgage was void for the reason that the plaintiff was not the sole owner of the mortgage at the time of the foreclosure.
We think Mis position cannot be maintained in this action. The court had jurisdiction of the subject matter of the action and acquired jurisdiction of the parties, the mortgagor and wife, by the service of process. If Mary M. Markle was a proper party, the objection should have been taken by demurrer or answer. Code Civil of Procedure, §§ 498, 499.
The power to foreclose and sell may be exercised by one *337 owning only a part of the mortgage debt, and if he claim too much it does not render the sale void. Clock v. Cronkhite, 1 Hill, 107. If the plaintiff claimed more than was due him, the mortgagors being in court by virtue of the service of the summons upon them, could have reduced the amount by a defense; or if the foreclosure had been by statute, the mortgagor could by action have restrained the foreclosure for more than the amount actually due the party seeking to foreclose. Mowry v. Sanborn, 62 Barb., 223; Bunce v. Reed, 16 id., 347. The judgment of foreclosure not being void, it cannot be attacked in a collateral action.
Now was,the plaintiff in this action a necessary or proper party to the foreclosure. It does not appear that he had any interest appearing of record, either as grantor, mortgagor or judgment creditor, and the referee refuses to find that he was in the actual possession of the nursery trees. He could acquire no interest in land under the constable’s sale on a justice’s execution that would make him a necessary or proper party to an action of foreclosure. And by the express provision of the Code, if he had any interest in the mortgaged premises which was not of record at the time of filing of Us pendens, it would be barred. Code of Civ. Pro., § 1671.
We do not, therefore, see how the plaintiff in this action can question the validity of the foreclosure sale.
The more important question is, did these nursery trees pass to the purchaser under the foreclosure sale ?
It was early held in this state that a mortgagor or other person acquiring any interest through or under him subsequent to the execution of the mortgage, was not entitled as against the mortgagee or person acquiring title under the foreclosure sale to crops growing on the mortgaged premises at the time of the foreclosure and sale. Lane v. King, 8 Wend., 684. It is insisted on the part of the appellant that the rule laid down in this case has been modified by subsequent decisions in this state, and the court has been cited to several authorities in which it is claimed these modifications have occurred. But in all the cases referred to, the distinguishing tests which determine whether the particular article in controversy was real or personal property, as they were applied at common law, have been recognized and adhered to with greater or less vigor, viz:
First. The manner of annexation to the land.
Second,. The adaptability to the use of the freehold.
Third. The intention of the parties at the time of making the annexation.
In Voorhees v. McGinnis (48 N. Y., 278), the question *338 arose between the mortgagee of the land and the mortgagee^ of boilers and engine used in a mill, the boilers in question, being claimed under a chattel mortgage given while they were in the process of construction, to be placed in the mill in the place of old ones which had been permanently affixed to the freehold without any special intent, either of making them a part of the freehold or removing them at. some future time, but which had been taken out and the new ones placed in their stead. It was held that the boilers, and engine became a part of the realty and passed with it to the purchaser under the foreclosure of the real estate mortgage. This case seemed to turn upon the character of the annexation and the want of evidence tending to show that the boiler and shafting was intended to be movable or personal property when placed in there, and that, too, although they had been mortgaged as chattels both before- and after they were placed in the mill.
Murdock v. Gifford (18 N. Y., 28), was an action for t-he-foreclosure of a mortgage on real estate, consisting of a woolen factory, in which were looms run by belts connected with the shafting of the mill, that the looms were easily removed without injury to the mill or the looms.
These looms had been sold on execution against the mortgagor, and purchased by the defendants, and by stipulation the payment of the price was made contingent upon the determination of the question, whether the looms were-real or personal property. In this case the court held that the looms were personal property, because they were in themselves movable and not a part of the freehold, and the court say, “Thequestion then is, were these looms realty as between the mortgagor and mortgagee ?”
- ‘ ‘ The effort of the court is always to ascertain the intent, of the parties and give it effect.”
1 ‘ But where no specific intention is collectible, or where-the conveyance is of lands by metes and bounds, and on the land stands a building in which is the thing in controversy, then it will pass or not according as the thing is or is not in law a part of the realty.”
In Sherman v. Willett (42 N. Y., 146), the mortgagor of a farm, who was in default, sowed on the farm a piece of rye. He died before the rye was harvested, and the mortgagee became his administrator, and as such sold the rye to plaintiff. Subsequently, and before the rye was harvested, the mortgagee foreclosed the mortgage and sold the farm, but reserved the rye. Held, that but for the reservation the rye would have passed to the purchaser under the foreclosure, but by the reservation made by the mortgagee in the presence of the purchaser, who took by privity of *339 estate through the mortgagee, he was estopped from claiming the rye.
From the case last cited it is quite clear that the intention of the mortgagor at the time of annexing the article in dispute to the freehold does not always control the character of the property. It could not be contended that the mortgagor in sowing the rye did not intend to harvest and remove it from the premises. Yet the crop placed there was subject to the contingency of the foreclosure of the mortgage before it was removed.
The rule applicable to landlord and tenant does not apply to this cafe. That relation in no way existed between the parties. The relations existing between Maride and Al-bright were those of mortgagor and mortgagee, and the law relating to trade fixtures as the same exist between landlord and tenant does not apply, but the relation of the parties are like those of vendor and purchaser. Davidson v. Gas Light Co., 99 N. Y., 568.
The plaintiff in this action, if he acquired any title under the constable’s sale to the nursery or nursery stock, got no better or superior title or right than that which Markle, the mortgagor, possessed, and if the rights of the mortgagor were cut off by the foreclosure his rights would necessarily fall within them.
While it is true that the rule laid down in the case of Lane v. King has, to a certain extent, been modified in the subsequent cases, we have been referred to no case holding that as between mortgagor and mortgagee, or vendor and vendee, has the rule been so far changed that the standing trees upon the mortgaged premises at the time of the foreclosure remained the property of the mortgagor, or of any other person deriving title through or under him as against the mortgagee, or a purchaser under a valid foreclosure of the mortgage.
In the case of Rector, etc., of the Protestant Episcopal Church v. John Mack et al. (93 N. Y., 488), it is held that the effect of a foreclosure deed is to vest in the purchaser the entire estate of the mortgagor and mortgagee as of the date of the mortgage and unaffected by subsequent incumbrances and conveyances by the mortgagor. Rector v. Mack, 93 N. Y., 488.
In White v. Evans (47 Barb., 185), the court say: “The title, though consummated (by foreclosure), relates back to the period when the mortgage was executed in 1854, and takes effect from that time.”
The rule seems to be too universal to require further citation of authorities in this state, and the same has been held to be the rule in other states. Gamble v. Horr, 40 Mich., 561.
And even an easement subsequently granted or created is *340 extinguishable by the mortgage. Murphy v. Welch, 128 Mass., 489.
In Sherman v. Willett (supra), Late, J., says: “The purchaser’s right under the foreclosure would have been superior to that of the plaintiff if the crop had not been expressly excepted, and that under the peculiar circumstances of the-case the exception prevented acquisition of the title.” Sherman v. Willett, 42 N. Y., 155.
In Gillett v. Balcom the question arose as to the title to crop of wheat between the assignee in bankruptcy of the mortgagor and the purchaser under a foreclosure of the mortgage, and the court held that not only the land, but the crops thereon while growing, and until they are severed therefrom, belong to the purchaser under the mortgage. Gillett v. Balcom, 6 Barb., 372.
In Hamilton v. Austin, 36 Hun, 138, the mortgagor who for years had been occupying the premises as a tenant and using it exclusively as a nursery for the culture of trees and shrubs for sale, purchased the demised premises, taking a deed for the same and giving back a mortgage for the purchase price, which mortgage contained no reservation of the nursery stock. The mortgage was subsequently assigned by the mortgagee, and on default of payment the assignee commenced foreclosure proceedings. After the assignment of the mortgage, and before the commencement of the action of foreclosure, the mortgagor sold one-half interest in the nursery stock, and subsequently and before the commencement of the foreclosure suit the mortgagor sold the other half interest to another party. Neither of the purchasers of the nursery stock knew that the assignee of the mortgage had been informed by the mortgagor that the mortgage covered the nursery stock, although such information had been given; but both knew of the real estate mortgage at the time of the purchase. The action was for waste in removing the trees before foreclosure.
Follett, J., in pronouncing the opinion of the court says: “As between mortgagor and mortgagee, trees growing in a nursery, expressly for sale as merchandise are covered by the mortgage, and those standing on the land when it is .Sold under a foreclosure pass with the land to the purchaser.” Hamilton v. Austin, 36 Hun, 141.
In this case is reaffirmed the doctrine that the rights of mortgagors and mortgagees stand upon the same footing, as between grantors and grantees, and not upon the law as it exists between landlord and tenant. The case also holds that nursery trees are not fixtures in any sense of that term, but are more nearly emblements, only differing from the latter in not being the product of annual labor. The rule upon principle -would seem to be much stronger for *341 holding trees which are not the product of annual labor, as real estate, than those vegetables grown upon land, which are the product of annual planting and culture. And in the case last cited it is expressly held that “emblements reared by tenants entering subsequent to a mortgage, if growing at the time of the foreclosure sale pass to the purchasers.” But if the tenant in the usual course of husbandry gathers the emblements before sale on foreclosure, they belong to him and he is not hable in an action of waste. In the case at bar the trees for which the action was brought were not removed at the time of the foreclosure sale, but were growing in their natural position in the soil, and within the rules governing a case like this passed with the land to the purchaser on the sale.
The judgment must be affirmed, with costs.
Learned, P. J., and Landon, J., concur.